[Civ. No. 31714. First Dist., Div. Two. Oct. 23, 1974.]

MEMBERS INSURANCE COMPANY, Plaintiff and Respondent, v. ELEANOR W. FELTS et al., Defendants and Appellants.

[Civ. No. 31715. First Dist., Div. Two. Oct. 23, 1974.]

ELEANOR W. FELTS et al., Plaintiffs and Appellants, v. MEMBERS INSURANCE COMPANY, Defendant and Respondent.

## COUNSEL

Walter H. Medak for Defendants and Appellants and for Plaintiffs and Appellants.

Wines, Coffee & Robinson and Paul H. Coffee for Plaintiff and Respondent and for Defendant and Respondent.

## OPINION

**BRAY, J.**\*—Consolidated appeals by defendants Eleanor W. Felts and Clay H. Felts from judgment of the Alameda County Superior Court in favor of respondent Members Insurance Company and from order of said court denying petition for order of arbitration

### QUESTION PRESENTED

The questions of whether Travis Felts had an insurable interest in the policy and whether there was an effective waiver of uninsured motorist coverage were issues to be determined by arbitration.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## RECORD

Respondent Members Insurance Company filed complaint against the above-named appellants for declaratory relief seeking a declaration that no agreement to arbitrate existed between Travis Felts, deceased, or appellants as his heirs, and respondent. Appellants demurred. Thereafter Eleanor W. Felts and Clay H. Felts filed a petition to appoint neutral arbitrator to arbitrate certain matters between them and Members Insurance Company. In the declaratory relief action, the court granted the insurance company's motion for summary judgment and denied the petition for appointment of arbitrator.

## FACTS

These proceedings arise out of the death of Travis Felts who was killed while riding the motorcycle hereinafter mentioned, in a collision with an automobile being driven by an uninsured owner. The pertinent facts appear in declarations presented to the court on the hearing of the motion for summary judgment and the petition for appointment of arbitrator.

Richard Rabinowitz was purchasing from Powell Motors a Honda motorcycle on the installment plan requiring payments of $50.12 per month to Central Valley National Bank, which became the legal owner of the motorcycle, and Rabinowitz became the registered owner. Thereafter, he entered into an oral agreement with Travis Felts by which the latter agreed to purchase the machine and take over the payments to the bank. Desiring liability insurance coverage, the two men contacted Hans Hoehne, agent of respondent Members Insurance Company. Travis Felts had been informed by a mutual friend that he could purchase a policy for approximately $200. Rabinowitz claimed in his declaration that Hoehne wrote up an application for a policy of insurance in which Rabinowitz was stated as the registered owner of the motorcycle and Travis Felts as the principal driver and Rabinowitz as secondary driver. Hoehne, in making out the application, consulted with a Mr. Wolff, who was also an agent of respondent. Hoehne was informed that the machine would be kept at the address where both Rabinowitz and Felts lived. Hoehne was informed of the purchase arrangements between the two men, the application was signed by Rabinowitz, and then ensued a conversation between the three men as to whether the policy should include uninsured motorist coverage. Rabinowitz stated that Hoehne said "inasmuch as I was not to be the principal driver, it was not necessary to carry uninsured motorist coverage." Rabinowitz said that he had such coverage on another motorcycle, "and

there was considerable discussion pro and con, and Mr. Hoehne stated that it would involve additional premium and he did not feel that it was necessary. He finally convinced us that we did not need it, whereupon Mr. Hoehne had me sign a waiver, excluding uninsured motorist coverage. He did not ask Mr. Felts to sign such a waiver. . . ." Felts paid Hoehne the insurance premium, a total cost of $200.

Hoehne's declaration was not as detailed as that of Rabinowitz. Hoehne said he took the application for liability insurance which was attached to his declaration, and that subsequently, the policy in question was issued by Members Insurance Company, listing Rabinowitz as the named insured, that in making application for the policy, Rabinowitz executed a waiver of the uninsured motorist coverage under said policy, which waiver was attached to his declaration. Due to this waiver, the policy as issued provided no uninsured motorist coverage and no premium was charged for such coverage.

It will be noted that while Rabinowitz and Hoehne agree that Rabinowitz signed the waiver of uninsured motorist coverage, Hoehne, in his declaration, does not deny that he wrote up the application for insurance, or answer or comment upon Rabinowitz' declaration that Hoehne stated that as Rabinowitz was not the principal driver, it was not necessary to pay the additional premium for such coverage.

Felts made monthly payments to the bank until his death.

### The Issue Raised Should Be Determined by Arbitration

Respondent takes the position that as Travis Felts was named in the application for insurance and in the insurance policy only as principal driver, the insurance contract is and can be only between the insurance company and Rabinowitz and as Rabinowitz signed the waiver the insurance company cannot be liable for uninsured motorist coverage.

Appellants contend that Travis Felts had an insurable interest in the motorcycle described in the policy and was covered by it, and that the waiver of the uninsured motorist coverage was not effective as it was obtained by the insurance company's agents through improper advice.

As will hereinafter appear, these were issues which because of the arbitration agreement should have been submitted to arbitration.

In the instant case the declarations of the parties show that there are issues of fact to be decided. First, did the two agents of respondent, knowing that Felts was buying Rabinowitz' interest in the motorcycle, fail to

cover Felts as an insured; and second, in obtaining the waiver of the uninsured motorist coverage did they improperly advise either or both to waive the uninsured motorist coverage? As the agents were representing respondent, it would be charged with the responsibility for their acts (see 27 Cal.Jur.2d, § 227, p. 717; *Byrd* v. *Mutual Benefit H. & A. Assn.* (1946) 73 Cal.App.2d 457, 463 [166 P.2d 901]).

Insurance Code section 11580.2, subdivision (a), provides in pertinent part that no liability insurance policy of the type issued in this case may be issued "unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the financial responsibility requirements specified in Section 16059 of the Vehicle Code insuring the insured . . . for all sums within such limits which he . . . shall be legally entitled to recover as damages for bodily injury . . . from the owner or operator of an uninsured motor vehicle. The insurer and any named insured . . . may, by agreement in writing, . . . delete the provision covering damage caused by an uninsured motor vehicle . . . ."

 "Only an agreement in writing which amounts to an 'effective waiver' of uninsured motorist coverage by the insured will exclude it from a liability policy for which he makes application. [Citation.] Waiver is the intentional relinquishment of a known right after knowledge of the facts." (*Bohlert* v. *Spartan Ins. Co.* (1969) 3 Cal.App.3d 113, 118 [83 Cal.Rptr. 515].) "[A]n agreement excluding uninsured motorist coverage must be 'conspicuous, plain and clear' to constitute an 'effective waiver' thereof." (*Idem.*, p. 119.)

Because the public policy requires an insurer to provide uninsured motorist coverage, unless the insured fully understands the rights thereby provided and signs a waiver that "the decision was made by him, upon independent advice, without any interference from the insurer or its agents" (*Pechtel* v. *Universal Underwriters Ins. Co.* (1971) 15 Cal.App. 3d 194, 204 [93 Cal.Rptr. 53]) clearly appears from the authorities.

 The policy contains an arbitration clause which reads: "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration . . . ." Appellants have made such demand.

Section 1281.2, Code of Civil Procedure, provides in pertinent part that where a party to a written agreement to arbitrate a controversy re-

fuses to arbitrate "the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or" a ground not pertinent here. No contention is made in the instant case that if a right to arbitrate exists, it was waived.

The situation here is determined by the recent opinion of our Supreme Court in *Van Tassel* v. *Superior Court* (1974) 12 Cal.3d 624 [116 Cal.Rptr. 505, 526 P.2d 969]. The court there held at page 627 of the opinion, " ' . . . Arbitration submissions are usually construed as broadly as possible in order that differences between the parties may be resolved quickly and economically. Under the rule of broad construction an arbitrator is authorized to determine all questions which he needs to determine in order to resolve the controversy submitted to him, and the arbitrator himself decides which questions need to be determined.' (P. 546 of 6 Cal.App.3d; see also *Allstate Ins. Co.* v. *Superior Court*, 35 Cal.App. 3d 137 [110 Cal.Rptr. 622].)

"Under the statute and the provisions for arbitration contained in an uninsured motorist provision such as that in the present case, we hold that jurisdictional facts, including the status of the claimant as an insured, are subject to determination by the arbitrator. Statements to the contrary in Court of Appeal decisions (e.g., *Farmers Ins. Exch.* v. *Ruiz*, 250 Cal. App.2d 741 [59 Cal.Rptr. 13]; *Aetna Cas. & Surety Co.* v. *Superior Court*, 233 Cal.App.2d 333 [43 Cal.Rptr. 476]) are hereby disapproved."

In view of this decision it is clear that the issues raised in the case at bench must be submitted to arbitration. Obviously this opinion was not before the trial court at the time of its ruling on the issues which now are required to be submitted to arbitration and not determined by the court.

The order is reversed and the trial court is instructed to grant the petition for appointment of an arbitrator as provided in the policy.

Taylor, P. J., and Rouse, J., concurred.