[S.F. No. 22930. In Bank. Sept. 20, 1972.]

BERNARD ORPUSTAN, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Ollie Marie-Victoire for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers, Robert A. Seligson and Lawrence E. Curfman III for Defendant and Respondent.

Hutchins, Staiger & Preston and Frank E. Preston as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**McCOMB, J.**—Plaintiff appeals from a judgment for defendant following the granting of its motion for summary judgment in an action to compel arbitration under the uninsured motorist provisions of an automobile insurance policy issued to plaintiff by defendant.

The uninsured motorist coverage in the policy conforms to the requirements of Insurance Code section 11580.2. It provides, in statutory terms, that the insurer shall pay all sums which the insured shall become legally entitled to recover as damages for bodily injury from the owner or operator of an uninsured motor vehicle. An uninsured motor vehicle is defined to include a hit-and-run automobile which causes "bodily injury" to the insured arising "out of physical contact of such automobile with the insured or with an automobile which the insured is occupying." Determination "as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."

There is no dispute as to the facts. Plaintiff was injured when his truck went off the highway. He had no recollection of the events or details surrounding the accident. However, an eyewitness testified that plaintiff swerved his truck to avoid hitting an automobile identified only as a "Rambler"; that the two vehicles came no closer together than three to ten feet; and that there was definitely no contact between them.

Plaintiff filed a claim for his personal injuries with defendant under the uninsured motorist provisions of his policy. Defendant denied liability because the facts did not show "physical contact" between plaintiff's truck and the "Rambler." Plaintiff then sought arbitration under the terms of

his policy; defendant declined to arbitrate, and this action ensued. Defendant prevailed on its motion for summary judgment predicated upon the factual absence of the "physical contact" requirement pursuant to statute and its policy.

The parties recognize that their respective rights and obligations are controlled by Insurance Code section 11580.2 and the policy issued by defendant as mandated by statute.

The arbitration provisions of the policy, in pertinent part, read: "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator. . . . The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company. . . ."

The primary point of dispute between the parties is the purport of the arbitration agreement. Plaintiff contends that all disputes arising under the uninsured motorist coverage should be subject to decision by the arbitrator, including the issue of physical contact in relation to the insurer's liability under the policy. (*Esparza* v. *State Farm Mut. Auto. Ins. Co.,* 257 Cal.App.2d 496, 500-501 [65 Cal.Rptr. 245]; *American Ins. Co.* v. *Gernand,* 262 Cal.App.2d 300, 304-305 [68 Cal.Rptr. 810]; *Felner* v. *Meritplan Ins. Co.,* 6 Cal.App.3d 540, 543-544 [86 Cal.Rptr. 178].) On the other hand, defendant maintains that it was for the court to decide as a preliminary independent question whether there was physical contact between the unidentified car and the insured's vehicle, and that, absent a judicial finding of such fact, the arbitrator was without jurisdiction to proceed. (*Pacific Automobile Ins. Co.* v. *Lang,* 265 Cal.App.2d 837, 842-843 [71 Cal.Rptr. 637]; *Rodgers* v. *State Farm Mutual Auto. Ins. Co.,* 13 Cal.App.3d 641, 645-646 [91 Cal.Rptr. 678].)

It is our opinion that plaintiff's view should prevail in leaving the entirety of the controversy to the determination of the arbitrator. As was said in *Esparza* v. *State Farm Mut. Auto. Ins. Co., supra,* 257 Cal.App.2d 496, at page 500: "General rules relative to arbitration and arbitration agreements and proceedings are provided in section 1280 et seq., Code of Civil Procedure. ▮ They reflect the strong legislative policy favoring arbitration." Here the parties' agreement for arbitration of the issues

whether the insured "is legally entitled to recover damages from the owner or operator of an uninsured automobile" appears sufficiently comprehensive to include the subordinate question whether, within the meaning of the policy, the vehicle which caused the accident was an uninsured automobile (which for a hit-and-run automobile requires a finding of physical contact). As was said in *Felner* v. *Meritplan Ins. Co., supra,* 6 Cal.App.3d 540, at page 543: "It is for the arbitrators to determine which issues were actually 'necessary' to the ultimate decision."

To hold otherwise would deprive the insured of the value of arbitration as a speedy remedy under the Uninsured Motorist Coverage statute. (Ins. Code, § 11580.2.) As indicated in *Felner,* to require that a court preliminarily decide the "jurisdictional facts" in a case where the insured is "legally entitled to recover damages from the owner or operator of an uninsured automobile" would have the effect of "turning a procedure designed to furnish prompt, continuous, expert, and inexpensive resolution of controversy into one carrying all the burdens and delays of civil litigation, overlaid by jurisdictional uncertainty between successive tribunals." (*Felner* v. *Meritplan Ins. Co., supra,* 6 Cal.App.3d at p. 546.) The parties contemplated expeditious resolution of disputes between them arising under the uninsured motorist coverage through the medium of arbitration, and all such disputes should be so decided. Cases on which defendant relies for sustaining the limited scope of the arbitrable issues and the necessity for preliminary court hearings on "jurisdictional facts" are hereby disapproved: *Pacific Automobile Ins. Co.* v. *Lang, supra,* 265 Cal.App.2d 837; *Rodgers* v. *State Farm Mutual Auto. Ins. Co., supra,* 13 Cal.App.3d 641.

Contingent upon reaching this conclusion as to the propriety of arbitration for settlement of the parties' entire dispute, the parties have requested this court to consider the import of the "physical contact" requirement in relation to the insurer's liability. As above stated, the accident occurred when plaintiff swerved his truck to avoid hitting the unidentified "Rambler," and indisputably there was no actual physical contact between the two vehicles. Plaintiff maintains, however, that this precise factual situation should not preclude recovery under the uninsured motorist coverage of his policy. He notes that the "physical contact" requirement of the statute was adopted to "curb fraud, collusion, and other abuses arising from claims that phantom cars had caused accidents which, in fact, had resulted solely from the carelessness of the insured. For example, a driver who fell asleep and hit a telephone pole might claim he had swerved off the road to avoid being hit by an unidentified vehicle. The provision requiring physical contact with the unknown vehicle was added to the statute in order to eliminate such fictitious claims." (*Inter-Insurance Exchange* v.

*Lopez,* 238 Cal.App.2d 441, 443 [47 Cal.Rptr. 834].) Thus, in *Lopez,* where the unknown vehicle struck a second vehicle, causing it to hit the insured vehicle, that was deemed a "direct application of force" qualifying as "physical contact" between the unknown vehicle and the insured vehicle within the meaning of the statute. It was so held on the premise that "the physical contact requirement, designed to prevent false claims, should not be extended to defeat recovery in cases where fraud clearly does not exist." (*Inter-Insurance Exchange* v. *Lopez, supra,* at p. 446.) But still there was "physical contact" in the three-car accident, though that factor was supplied between the unknown vehicle and that of the insured through the medium of the intervening vehicle.

Plaintiff argues that a comparable situation for extension of the un-insured motorist coverage exists here. Thus, he takes the position that though there was no actual contact between his truck and the unidentified "Rambler," the admitted presence of the Rambler and its course on the highway, causing plaintiff to swerve his truck, met the "physical contact" provision of the statute and defendant's policy. Such argument rests on the familiar tort doctrine that the Rambler, the hit-and-run vehicle, set in motion a sequence of events which proximately caused the accident. This uncontradicted fact, plaintiff says, should suffice where, as here, there is a clear absence of any fraud. But if the physical contact requirement could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, this provision would be largely written out of the statute. Thereby, the protection against phantom-car frauds would be diluted and the door reopened to the abuses which motivated the Legislature's imposition of the "physical contact" requirement to come within the contemplated coverage of the statute.

The right to recover for the negligence of an unknown motorist is deter-mined, under the plain terms of the statute, by whether or not the "bodily injury" was caused by "physical contact." Nowhere does the statute state or imply that the physical contact requirement may be met by proof that there was in fact an unknown driver and vehicle nor by proof that the unknown vehicle caused the accident. Contact means "union or junction of body surfaces; a touching or meeting . . . ." (Webster's New Internat. Dict. (3d ed. 1961)), a direct application of force which would satisfy the requirement of bodily contact as distinguished from some obvious and visible secondary cause bringing about the injury. Such is the meaning attributed by *Inter-Insurance Exchange* v. *Lopez, supra,* 238 Cal.App.2d 441. In the final analysis, plaintiff's case rests wholly on the premise that the Rambler was the proximate cause of the accident and plaintiff's inju-ries, but that is of no consequence in the absence of physical contact as a basis for his claim.

■ Plaintiff insists that since the statute was designed to eliminate fraud, and under the undisputed facts there clearly is no fraudulent claim, the protective purpose of uninsured motorist coverage in providing compensation for persons injured on the highway through no fault of their own is frustrated. Such argument, however, runs counter to the statute's plain language. "What the Legislature meant by what it said must be determined from the language used in relation to the subject matter and not from speculation as to what was in the minds of the individual legislators." (*Krych* v. *Mercury Cas. Co.,* 16 Cal.App.3d 875, 879 [94 Cal. Rptr. 592].) The statute makes proof of "physical contact" a condition precedent in every case for the recovery of damages caused by an unknown vehicle. There are no exceptions. If it is advisable that the statute be changed, the solution lies within the province of the Legislature. The court has no right to legislate the proviso from the statute or emasculate its application under the guise of judicial interpretation.

■ Plaintiff finally argues that there is a denial of equal protection of the laws in the requirement that a claimant as himself, seeking to recover under uninsured motorist coverage, must show "physical contact" between the unknown vehicle and his own, whereas the same requirement is not imposed on the ordinary tort claimant seeking redress for injury. He maintains that he should be entitled to equal insurance protection as one whose car has been in collision with another vehicle. But the recognized purpose of the physical contact requirement is reduction of the possibility that a motorist who loses control of his vehicle through his own negligence will be able to recover under the uninsured motorist coverage by alleging that an unknown vehicle caused the injuries complained of. Such premise for the requirement furnishes a reasonable ground of classification; the requirement bears a reasonable relationship to the objective it seeks to promote. When that is true, the constitutional demand for equal protection of the laws is satisfied. (*Rinaldi* v. *Yeager,* 384 U.S. 305, 309 [16 L.Ed.2d 577, 580, 86 S.Ct. 1497]; *Patton* v. *La Bree,* 60 Cal.2d 606, 609 [35 Cal.Rptr. 622, 387 P.2d 398].)

The judgment is reversed with directions to the trial court to enter its order directing that arbitration proceed in the manner provided for in the subject insurance policy.

Wright, C. J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.