[Civ. No. 33215. First Dist., Div. Three. Nov. 8, 1973.]

ALLSTATE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
FLOYD R. PETERSON et al., Real Parties in Interest.

---

## COUNSEL

Walcom & Harmon and Leo J. Walcom for Petitioner.

No appearance for Respondent.

Conklin, Davids & Friedman and John J. Davids for Real Parties in Interest.

---

## OPINION

**BROWN (H. C.), J.**—Petitioner seeks a writ of mandate or prohibition enjoining and restraining real parties in interest and the superior court from permitting arbitration of a matter now pending in San Francisco Superior Court.

On October 26, 1962, Allstate Insurance Company issued an automobile insurance policy to real party in interest Floyd R. Peterson; the policy period was one year. On November 9, 1962, within the effective date of the policy, Susan Peterson, a minor daughter of Floyd Peterson, was injured in an accident involving an uninsured motor vehicle. Allstate was advised of the uninsured status of the other automobile, and negotiations commenced between the real partes in interest and Allstate. On July 2, 1964, one year and eight months after the accident occurred, Allstate wrote a letter to counsel for the Petersons in which it offered to settle the uninsured motorist claim. The offer was apparently rejected by the Petersons, and nothing more in the case occurred until September 18, 1972, some eight years later, when counsel for the Petersons filed a demand for arbitration. On January 30, 1973, petitioner herein filed in the respondent court (San Francisco Superior Court) a complaint alleging (1) that Insurance Code section 11580.2, subdivision (h), set a statute of limitations which barred the arbitration and seeking (2) that the arbitration proceeding be barred pending determination of the suit.

The motion for preliminary injunction sought by petitioners was heard by the trial court, at which time a temporary restraining order was dissolved, and the preliminary injunction was denied. The trial court apparently determined that *Orpustan* v. *State Farm Mut. Auto. Ins. Co.,* 7 Cal. 3d 988 [103 Cal.Rptr. 919, 500 P.2d 1119] was controlling on the determination of the question of the power of the arbitrator to decide whether the statute of limitations barred the action. ■ We agree that the arbitrator had that power.

Section 11580.2, subdivision (h), of the Insurance Code read on November 9, 1962, as follows: "(h) Prerequisites to Suit. No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: (1) suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or (2) agreement as to the amount due under the policy has been concluded, or (3) the insured has formally instituted arbitration proceedings."

While the real parties in interest have not complied with any of the three subdivisions, within the one-year period, they, however, claim that subdivision (1) was inapplicable to the injured party who was a minor at the time of the accident. Aside from this claim, the real parties in interest place principal reliance on the *Orpustan* case.

*Orpustan* involved a suit by an insured against his insurer to compel arbitration under the uninsured motorist provisions of his policy requiring, pursuant to today's Insurance Code section 11580.2, physical contact in the case of an unknown vehicle. Plaintiff insured contended that "all disputes arising under the uninsured motorist coverage should be subject to decision by the arbitrator, including the issue of physical contact in relation to the insurer's liability under the policy." (*Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 991.) The Supreme Court found that the plaintiff's view should prevail, and the "entirety of the controversy [should be left] to the determination of the arbitrator." (*Id.*)

The petitioner herein asserts *Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333 [43 Cal.Rptr. 476], as the case in point which would bar the arbitration proceedings and the claim of the real parties in interest.

We have considered *Aetna Cas. & Surety Co.* v. *Superior Court, supra,* but have concluded that *Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* is controlling.

The question of whether the statute of limitations barred the proceedings is a jurisdictional issue. The entirety of the controversy should be left

to the determination of the arbitrator. (*Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra.*)

In refusing to bar arbitration, we by no means imply that the arbitrator may not deny relief because of the extreme delay of real parties in interest in demanding arbitration. ■ Arbitration may be waived (Code Civ. Proc., § 1281.2, subd. (a)), and delay in demanding that relief may amount to waiver (see *Sawday* v. *Vista Irrigation Dist.,* 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816]; *Pneucrete Corp.* v. *U. S. Fid. & G. Co.,* 7 Cal.App.2d 733, 740-741 [46 P.2d 1000].) A principal value of arbitration is the affording of a "speedy remedy" and "expeditious resolution of disputes" (*Orpustan* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 992). Delay of nearly eight years in demanding arbitration hardly contributes to that end. We recognize that we do not further expedition by, in effect, remanding the parties to their remedy by arbitration. But another clear purpose of the Legislature in providing for arbitration of uninsured motorist disputes is to relieve the courts of the burden of increased litigation. To encourage court intervention is to defeat that aim, and for that reason we decline to compel court action here.

The petition for writ of mandate is denied. The alternative writ of mandate is discharged.

Draper, P. J., and Caldecott, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 3, 1974.