[S.F. No. 23114. In Bank. Oct. 3, 1974.]

BARBARA VAN TASSEL, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
20th CENTURY INSURANCE COMPANY, Real Party in Interest.

## COUNSEL

Clark & Glennon and William G. Clark for Petitioner.

No appearance for Respondent.

R. W. Levy for Real Party in Interest.

## OPINION

**McCOMB, J.**—Petitioner seeks a writ of prohibition restraining respondent court from enforcing a preliminary injunction and from proceeding further with an action filed by real party in interest for a permanent injunction and declaratory relief.

*Facts*: Petitioner is the mother of Pamela Parrish, who was killed in an accident while riding in an automobile owned by Arnold Wiebe, Inc., and leased to Caruthers Union High School District. The other motor vehicle involved in the accident was uninsured.

Kenneth Van Tassel, the husband of petitioner, and the stepfather of Pamela, was the named insured under a policy, which included uninsured motorist coverage, issued by real party in interest. Under the policy, the "named insured" includes the insured's spouse if a resident of the same household, and the unqualified word "insured" includes the relatives of the named insured while residents of the same household as the named insured. A factual question exists as to whether Pamela was a resident of the same household as her mother and her stepfather, the named insured.

Under the policy, the insurer is obligated to pay "all damages which the insured becomes legally entitled to recover from the owner or operator of an uninsured automobile because of *bodily injury sustained by the in-*

*sured,* caused by accident, and arising out of the ownership, maintenance or use of such automobile; provided that (1) determination as to whether the insured is legally entitled to recover such damages, and (if so entitled) the amount thereof, shall be made by agreement between the insured and the Company *or, in the event of disagreement, by arbitration . . . ."* (Italics added.)

Real party in interest filed an action in respondent court seeking to enjoin petitioner from arbitrating her claim that Pamela was covered under the uninsured motorist provision contained in its policy and that it was therefore liable for damages resulting from Pamela's death. Respondent court issued a preliminary injunction enjoining petitioner from proceeding to arbitration. Following denial by the Court of Appeal of petitioner's petition for a writ of prohibition, this court granted a hearing and issued an alternative writ restraining any action relating to the injunction enjoining arbitration until further order of this court.

Question: *Is the factual question whether a claimant is an insured under an uninsured motorist provision arbitrable?*

*Yes.* As hereinabove pointed out, there is an arbitration agreement in the policy specifically authorizing arbitration in the event of disagreement with respect to the question whether an insured is legally entitled to recover damages. Such an agreement is required by the terms of section 11580.2 of the Insurance Code.[1] The existence of the arbitration agreement does not depend upon the standing of a claimant to recover. The agreement was made by the insurer and the named insured, as mandated by the statute; and anyone claiming to be an insured under the broad definition contained in the policy is claiming as a third party beneficiary of the named insured and is bound by the terms of the agreement made by him.

This court held in *Orpustan* v. *State Farm Mut. Auto. Ins. Co.,* 7 Cal. 3d 988 [103 Cal.Rptr. 919, 500 P.2d 1119], that under section 11580.2 of the Insurance Code and the provisions of the policy there involved the entire controversy with respect to a claim made under the uninsured motorist provision was to be determined by arbitration, including jurisdictional facts. *Orpustan* involved injuries which resulted after an insured automobile ran off the road in an apparent attempt to avoid collision with

---

[1]Section 11580.2, subdivision (f) provides, in part: "The policy . . . shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."

another vehicle (never identified and hence regarded as uninsured); and the jurisdictional fact was whether there had been physical contact between the two cars, such contact being required by statute for the claim to be covered under the uninsured motorist provision. We did not in any way indicate that other jurisdictional facts were to be regarded differently and intended our holding to pertain to jurisdictional facts generally.

It will be noted that in *Orpustan* the plaintiff had raised the larger issue of the scope of arbitration; and after stating the plaintiff's contention that all disputes arising under such coverage should be subject to arbitration, we said, "It is our opinion that plaintiff's view should prevail in leaving the entirety of the controversy to the determination of the arbitrator." (P. 991 of 7 Cal.3d.) Additionally, at page 992 we quoted with approval from *Felner* v. *Meritplan Ins. Co.,* 6 Cal.App.3d 540, 543 [86 Cal.Rptr. 178], as follows: " 'It is for the arbitrators to determine which issues were actually "necessary" to the ultimate decision.' " *Felner* also holds that "any doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not for the court to resolve." (P. 543 of 6 Cal.App.3d.)

The following further statements from *Felner* are apropos: "A right to trial de novo of 'jurisdictional facts' . . . could in the hands of skillful and resourceful counsel lead to a trial de novo of practically every factual issue in an arbitration, thereby turning a procedure designed to furnish prompt, continuous, expert, and inexpensive resolution of controversy into one carrying all the burdens and delays of civil litigation, overlaid by jurisdictional uncertainty between successive tribunals.

". . . Arbitration submissions are usually construed as broadly as possible in order that differences between the parties may be resolved quickly and economically. Under the rule of broad construction an arbitrator is authorized to determine all questions which he needs to determine in order to resolve the controversy submitted to him, and the arbitrator himself decides which questions need to be determined." (P. 546 of 6 Cal.App.3d; see also *Allstate Ins. Co.* v. *Superior Court,* 35 Cal.App.3d 137 [110 Cal. Rptr. 622].)

Under the statute and the provisions for arbitration contained in an uninsured motorist provision such as that in the present case, we hold that jurisdictional facts, including the status of the claimant as an insured, are subject to determination by the arbitrator. Statements to the contrary in Court of Appeal decisions (e.g., *Farmers Ins. Exch.* v. *Ruiz,* 250 Cal.

App.2d 741 [59 Cal.Rptr. 13]; *Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333 [43 Cal.Rptr. 476]) are hereby disapproved.[2]

Let a peremptory writ of prohibition issue as prayed.

Wright, C. J., Tobriner, J., Mosk, J., Burke, J., Sullivan, J., and Clark, J., concurred.

---

[2]In *Orpustan,* we disapproved *Rodgers* v. *State Farm Mutual Auto. Ins. Co.,* 13 Cal.App.3d 641 [91 Cal.Rptr. 678]; and *Pacific Automobile Ins. Co.* v. *Lang,* 265 Cal.App.2d 837 [71 Cal.Rptr. 637]. In doing so, we stated, *"Cases on which defendant relies* for sustaining the limited scope of the arbitrable issues and the necessity for preliminary court hearings on 'jurisdictional facts' are hereby disapproved. . . ." (Italics added; p. 992 of 7 Cal.3d.) The two cases specifically disapproved were the cases cited by the defendant.