52 Cal.Rptr.3d 551 (2006)
145 Cal.App.4th 1441
Lloyd BOUTON, Plaintiff and Appellant,
v.
USAA CASUALTY INSURANCE COMPANY, Defendant and Respondent.
No. D048522.
Court of Appeal of California, Fourth District, Division One.
December 21, 2006.
*552 Shipley & Kirch, Jacques J. Kirch, San Diego, Law Offices of Daniel S. Rosenberg and Daniel S. Rosenberg for Plaintiff and Appellant.
Daniels, Fine, Israel, Schonbuch & Lebovits, Paul R. Fine, Erin O. Hallissy, Los Angeles, and Leila M. Reed for Defendant and Respondent.
McDONALD, J.
Lloyd Bouton (Bouton) appeals an order denying his petition to compel arbitration of his claim against USAA Casualty Insurance Company (USAA) for underinsured motorist benefits under the automobile insurance policy USAA issued to his sister. Apparently alternatively, Bouton also appeals an order granting USAA's motion to strike Bouton's subsequently filed amended complaint that alleged causes of action for declaratory relief and breach of that insurance policy. On appeal, Bouton contends the trial court erred by denying his petition to compel arbitration because: (1) the dispute whether he is an insured under USAA's policy is required to be arbitrated pursuant to Insurance Code section 11580.2, subdivision (f),[1] as interpreted by Van Tassel v. Superior Court (1974) 12 Cal.3d 624, 116 Cal.Rptr. 505, 526 P.2d 969 (Van Tassel); and (2) the undisputed facts show he is an insured under USAA's policy entitled to arbitration of his claim. Bouton *553 also contends the trial court erred in granting USAA's motion to strike his amended complaint because: (1) the court had jurisdiction over the parties and controversy and had a duty to decide all matters before it; (2) if the court does not decide all of those matters, res judicata will bar those causes of action he may allege in a new (or second) complaint; (3) his amended complaint was properly filed as an amended pleading and any defect was trivial; and (4) even were his pleadings defective, the court should have granted him leave to amend. Because we conclude section 11580.2, subdivision (f), as interpreted by Van Tassel, requires arbitration of the dispute whether Bouton is an insured under USAA's policy despite exclusionary policy language arguably to the contrary, we reverse the order denying Bouton's petition to compel arbitration and remand with directions to issue a new order granting that petition.

FACTUAL AND PROCEDURAL BACKGROUND
On November 8, .2005, in San Diego County Superior Court Case No. GIN048508, Bouton filed a petition to compel arbitration (Petition) of his claim against USAA for underinsured motorist benefits under the automobile insurance policy (Policy) USAA issued to his sister Samela Bouton. The Petition alleged that on May 7, 2004, an automobile owned and operated by Kevin Daniels (Daniels) injured him in an automobile accident. On or about May 4, 2005, Bouton settled his claims against Daniels and his insurer (Mercury Insurance) for his policy's limit of $15,000. On May 20, Bouton demanded that USAA submit to arbitration his claim under the Policy, which included a provision for uninsured or underinsured motorist benefits. The Petition further alleged, and Bouton's supporting declaration stated, that at the time of the accident (i.e., May 7, 2004), Bouton was a permanent resident of the household of, and a blood relative of, his sister, Samela Bouton. Bouton submitted a copy of the Policy in support of the Petition.
The Policy provides uninsured or underinsured motorist (UM) benefits for "covered person[s]."[2] That part of the Policy defines a "covered person" as "1. You [i.e., the named insured] or any family member...." The Policy defines "family member" as "a person related to you [i.e., the named insured] by blood, marriage, or adoption who is a resident of your household...." The Policy provides for arbitration of certain disputes relating to UM benefits:
"If [USAA] and a covered person disagree as to: [¶] 1. Whether a covered person is legally entitled to recover [bodily injury] or [property damage] damages from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle; or [¶] 2. The amount of [bodily injury] damages that the covered person is legally entitled to collect from that owner; [¶] then, that disagreement shall be arbitrated, provided both parties so agree. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including[,] but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall *554 be voidable by [USAA] or a covered person...."
On December 8, 2005, USAA filed its opposition to the Petition, stating it had denied coverage for Bouton's UM claim and arguing that the question whether Bouton was an insured under the Policy was a coverage question not required to be arbitrated under either the Policy or section 11580.2, subdivision (f).
On December 16, the trial court (San Diego County Superior Court Judge Joel M. Pressman) issued its order denying the Petition, citing Freeman v. State Farm Mut. Auto. Ins. Co. (1975) 14 Cal.3d 473, 121 Cal.Rptr. 477, 535 P.2d 341 (Freeman) and stating:
"Here, the wording of the [Policy] between [USAA] and [Bouton's] sister is no broader than that found in Insurance Code § 11580.2[, subdivision] (f). Accordingly, arbitration is warranted between [USAA] and an insured only as to the issues of whether the insured is `legally entitled to recover damages, and if so entitled, the amount thereof.' [Citation.] (Insurance Code § 11580.2[, subd.] (f).) However, at this juncture, [Bouton] has failed to establish that he is an insured, and therefore entitled to the protections of the above-referenced code section. Contrary to his assertions, [Bouton] may not, under the terms of the arbitration clause in the [P]olicy or under Insurance Code § 11580.2[, subdivision] (f), arbitrate the issue of whether or not he is an insured. Accordingly, the instant petition cannot be granted as doing so would compel [USAA] to arbitrate issues broader than those contained in either the agreement or Insurance Code § 11580.2[, subdivision] (f)."
On January 12, 2006, also in San Diego County Superior Court Case No. GIN048508, Bouton filed an amended complaint, alleging causes of action for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. The amended complaint's allegations arose out of the May 7, 2004 accident and USAA's denial of Bouton's claim for UM benefits.
On February 14, USAA filed a motion to strike Bouton's amended complaint, arguing the amended complaint was procedurally improper because he had not filed an original complaint and the trial court's jurisdiction in the instant case (i.e., San Diego Count Superior Court Case No. GIN048508) was limited to granting or denying the Petition.
On March 29, Bouton opposed USAA's motion to strike his amended complaint, arguing the instant case was a pending action giving the trial court jurisdiction over the parties and their dispute, and res judicata would bar his causes of action were he required to file a new (or second) complaint. Bouton also suggested the trial court reconsider its December 16, 2005 order denying the Petition, citing (for the first time) Van Tassel and arguing, based on Van Tassel's interpretation of section 11580.2, subdivision (f), the factual question of whether he is an insured under the Policy is required to be arbitrated.
On April 12, the trial court (San Diego County Superior Court Judge Richard G. Cline) issued an order granting USAA's motion to strike Bouton's amended complaint without leave to amend. In so doing, the court did not address Bouton's suggestion it reconsider its December 16, 2005 order in light of Van Tassel.
Bouton timely filed a notice of appeal challenging both orders.

DISCUSSION

I

Section 11580.2, Subdivision (f) Generally
Section 11580.2 "requires insurance policies covering the ownership, *555 maintenance, or use of any motor vehicle to also provide coverage for damages caused by the operation of an uninsured or underinsured motor vehicle. [Citation.] [1t] Unless the insurer and named insured execute a written waiver in the statutory form [citation], section 11580.2 becomes part of every motor vehicle liability insurance policy [citation] and sets forth a mandatory minimum required by law. [Citation.] A policy that purports to limit or provide more restrictive coverage will not be given effect. [Citations.]" (Daun v. USAA Casualty Ins. Co. (2005) 125 Cal. App.4th 599, 606, 23 Cal.Rptr.3d 44, italics added.) "[S]ection 11580.2 defines coverage in terms of the `insured' and not the insured's occupancy of any particular type of motor vehicle." (Ibid.) An "insured" entitled to coverage under section 11580.2 includes an individual named insured and his or her family members who reside in the same household "`while [they are] occupants of a motor vehicle or otherwise.'" (§ 11580.2, subd. (b); Daun, at p. 606, 23 Cal.Rptr.3d 44.)
Section 11580.2, subdivision (f) requires policy language providing for arbitration of disputes: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. ..." The purpose of section 11580.2, subdivision (f) "is to offer a means of resolving disputes that is more expeditious and less expensive than litigation. [Citations.] Its beneficiaries include the insurer and the insured...." (Mercury Ins. Group v. Superior Court (1998) 19 Cal.4th 332, 342, 79 Cal.Rptr.2d 308, 965 P.2d 1178.) Because an insurance policy is a contract, the strong public policy in favor of contractual arbitration applies to the policy arbitration provision required by section 11580.2, subdivision (f). (Ibid.; Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 9, 10 Cal.Rptr.2d 183, 832 P.2d 899; Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street (1983) 35 Cal.3d 312, 322, 197 Cal.Rptr. 581, 673 P.2d 251.)

II

Arbitration of Dispute Whether Bouton Is an Insured Under the Policy
Bouton contends the trial court erred by denying the Petition because section 11580.2, subdivision (f), as interpreted by Van Tassel, requires arbitration of the dispute whether he is an insured under the Policy and any language in the Policy to the contrary is void and unenforceable.

A
In Orpustan v. State Farm Mut. Auto. Ins. Co. (1972) 7 Cal.3d 988, 103 Cal.Rptr. 919, 500 P.2d 1119 (Orpustan), the Supreme Court held section 11580.2 required arbitration of a dispute whether the claimant's injuries arose out of "physical contact" with an uninsured motor vehicle. (Orpustan, at pp. 991-992, 103 Cal.Rptr. 919, 500 P.2d 1119.) Orpustan stated that "the entirety of the controversy [regarding UM coverage must be left] to the determination of the arbitrator." (Id. at p. 991, 103 Cal.Rptr. 919, 500 P.2d 1119, italics added.) Consistent with section 11580.2, the policy in Orpustan required arbitration of disputes "whether the insured `is legally entitled to recover damages from the owner or operator of an uninsured automobile.' " (Orpustan, at pp. 991-992, 103 Cal. Rptr. 919, 500 P.2d 1119.) Construing that language, Orpustan stated:
"[That language] appears sufficiently comprehensive to include the subordinate *556 question whether, within the meaning of the policy, the vehicle which caused the accident was an uninsured automobile (which for a hit-and-run automobile requires a finding of physical contact). As was said in Felner v. Meritplan Ins. Co. [(1970)] 6 Cal.App.3d 540, at page 543, 86 Cal.Rptr. 178: `It is for the arbitrators to determine which issues were actually "necessary" to the ultimate decision.'
"To hold otherwise would deprive the insured of the value of arbitration as a speedy remedy under the Uninsured Motorist Coverage statute. (Ins.Code, § 11580.2.) As indicated in Felner, to require that a court preliminarily decide the `jurisdictional facts' in a case where the insured is `legally entitled to recover damages from the owner or operator of an uninsured automobile' would have the effect of `turning a procedure designed to furnish prompt, continuous, expert, and inexpensive resolution of controversy into one carrying all the burdens and delays of civil litigation, overlaid by jurisdictional uncertainty between successive tribunals.' [Citation.] The parties contemplated expeditious resolution of disputes between them arising under the uninsured motorist coverage through the medium of arbitration, and all such disputes should be so decided." (Orpustan, supra, 7 Cal.3d at p. 992, 103 Cal. Rptr. 919, 500 P.2d 1119.)
Accordingly, the court reversed the summary judgment in the insurer's favor and directed the trial court to issue an order compelling arbitration of the dispute. (Orpustan, supra, 7 Cal.3d at p. 994, 103 Cal.Rptr. 919, 500 P.2d 1119.)
In Van Tassel, supra, 12 Cal.3d 624, 116 Cal.Rptr. 505, 526 P.2d 969, the Supreme Court addressed the identical issue involved in this case. Van Tassel phrased its issue: "Question: Is the factual question whether a claimant is an insured under an uninsured motorist provision arbitrable?" (Id. at p. 626, 116 Cal.Rptr. 505, 526 P.2d 969.) The facts in Van Tassel are similar to the alleged facts in this case. In Van Tassel, Pamela Parrish was killed in an accident involving another vehicle that was uninsured. (Id. at p. 625, 116 Cal.Rptr. 505, 526 P.2d 969.) Her mother was married to Kenneth Van Tassel, who was the named insured under a policy that included UM coverage. (Ibid.) "Under the policy, the `named insured' includes the insured's spouse if a resident of the same household, and the unqualified word `insured' includes the relatives of the named insured while residents of the same household as the named insured." (Ibid.) Van Tassel summarized the dispute between Pamela's mother and the insurer: "A factual question exists as to whether Pamela was a resident of the same household as her mother and her stepfather, the named insured." (Ibid., italics added.) Consistent with section 11580.2, the policy required the insurer to pay "`all damages which the insured becomes legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident, and arising out of the ownership, maintenance or use of such automobile; provided that (1) determination as to whether the insured is legally entitled to recover such damages, and (if so entitled) the amount thereof, shall be made by agreement between the insured and the [insurer] or, in the event of disagreement, by arbitration ....'" (Van Tassel, at pp. 625-626, 116 Cal.Rptr. 505, 526 P.2d 969, italics added in Van Tassel.) Van Tassel concluded the factual dispute whether Pamela was an insured under the policy's UM coverage was subject to arbitration. (Id. at pp. 626-627, 116 Cal.Rptr. 505, 526 P.2d 969.) It stated:

*557 "[T]here is an arbitration provision in the policy specifically authorizing arbitration in the event of disagreement with respect to the question whether an insured is legally entitled to recover damages. Such an agreement is required by the terms of section 11580.2 of the Insurance Code. The existence of the arbitration agreement does not depend upon the standing of a claimant to recover. The agreement was made by the insurer and the named insured, as mandated by the statute; and anyone claiming to be an insured under the broad definition contained in the policy is claiming as a third party beneficiary of the named insured and is bound by the terms of the agreement made by him."[3] (Van Tassel, supra, 12 Cal.3d at p. 626, 116 Cal.Rptr. 505, 526 P.2d 969, fn. omitted & italics added.)
The Van Tassel court noted that in Orpustan it held, pursuant to section 11580.2 and the policy's provisions, "the entire controversy with respect to a claim made under the uninsured motorist provision was to be determined by arbitration, including jurisdictional facts." (Van Tassel, supra, 12 Cal.3d at p. 626, 116 Cal.Rptr. 505, 526 P.2d 969, italics added.) Noting that in Orpustan the "jurisdictional fact was whether there had been physical contact between the two cars, such contact being required by statute for the claim to be covered under the [UM] provision," Van Tassel stated: "We did not in any way indicate that other jurisdictional facts were to be regarded differently and intended our holding to pertain to jurisdictional facts generally." (Id. at p. 627, 116 Cal. Rptr. 505, 526 P.2d 969, italics added.) Noting that in Orpustan it quoted with approval language from the Felner case, Van Tassel quoted with approval additional language from Felner: "`[A]ny doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not for the court to resolve.' [Citation.]" (Id, at p. 627, 116 Cal.Rptr. 505, 526 P.2d 969.) Van Tassel further stated:
"The following further statements from Felner are apropos: `A right to trial de novo of "jurisdictional facts" ... could in the hands of skillful and resourceful counsel lead to a trial de novo of practically every factual issue in an arbitration, thereby turning a procedure designed to furnish prompt, continuous, expert, and inexpensive resolution of controversy into one carrying all the burdens and delays of civil litigation, overlaid by jurisdictional uncertainty between successive tribunals.
"`... Arbitration submissions are usually construed as broadly as possible in order that differences between the parties may be resolved quickly and economically. Under the rule of broad construction an arbitrator is authorized to determine all questions which he needs to determine in order to resolve the controversy submitted to him, and the arbitrator himself decides which questions need to be determined.' [Citations.]" (Van Tassel, supra, 12 Cal.3d at p. 627, 116 Cal.Rptr. 505, 526 P.2d 969.)
Accordingly, Van Tassel concluded: "Under the statute [i.e., section 11580, subdivision (f) ] and the provisions for arbitration contained in an [UM] provision such as *558 that in the present case, we hold that jurisdictional facts, including the status of the claimant as an insured, are subject to determination by the arbitrator." (Van Tassel, supra, 12 Cal.3d at p. 627, 116 Cal.Rptr. 505, 526 P.2d 969, italics added.)
In Freeman, the Supreme Court reaffirmed its holdings in Orpustan and Van Tassel requiring arbitration of "jurisdictional facts," but distinguished the circumstances in Freeman by concluding arbitration of a dispute regarding a waiver or statute of limitations defense was not required by section 11580.2, subdivision (f) because that dispute did not involve "jurisdictional facts." (Freeman, supra, 14 Cal.3d at pp. 481-486, 121 Cal.Rptr. 477, 535 P.2d 341.) Regarding arbitration provisions generally, Freeman stated:
"`Arbitration is, of course, a matter of contract, and the parties may freely delineate the area of its application.' [Citation.] To this should be added that where a statute requires the contract to provide for certain matters, the statute becomes a part of the contract, imposing an arbitration agreement at least as broad as the statutory specifications. [Citation.]" (Freeman, 14 Cal.3d at p. 479, 121 Cal.Rptr. 477, 535 P.2d 341, italics added.)
Freeman acknowledged the "strong policy in favor of enforcing agreements to arbitrate," but noted "there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate and which no statute has made arbitrable." (Id. at p. 481, 121 Cal.Rptr. 477, 535 P.2d 341.) Regarding arbitration of "jurisdictional facts," Freeman stated: "[Orpustan ] contained certain broad, general language to the effect that `the entirety of the controversy,' including what we there termed `jurisdictional facts,' was subject to the determination of the arbitrator. [Citations.] This language was subsequently relied upon by us in [Van Tassel ], where we held that the issue there in questionwhether the decedent came within the policy's definition of `insured' involved a determination of `jurisdictional facts' and should therefore be submitted to the arbitrator." (Id at p. 482, 116 Cal. Rptr. 505, 526 P.2d 969.) Freeman then addressed the issue of whether "the application of the one-year statutory time limitation of Insurance Code section 11580.2, subdivision (i)" in the circumstances of its case was subject to arbitration "as another issue involving `jurisdictional facts.'" (Ibid) Freeman distinguished that issue from the "jurisdictional facts" discussed in Orpustan and Van Tassel:
"The issue of whether the right to compel arbitration has been waived by failure to comply with the one-year limitation is clearly one for the determination of the court pursuant to the provisions of section 1281.2 of the Code of Civil Procedure. This issue, as opposed to others which we loosely and unfortunately termed `jurisdictional' in Orpustan and in our later Van Tassel decision, is logically and legally prior to any consideration by the arbitrator of those other issues which, in the circumstances of the particular case, are a part of `the entirety of the controversy' and whose determination may have the effect of precluding him from reaching the merits of the dispute. It was in this latter sense that we used the term `jurisdictional' in describing those other issuesie., in the sense that the arbitrator's consideration of the merits of the controversy must await his determination of them. In using this terminology, however, we in no way intended to indicate that the prior issue of waiver of the right to compel arbitration, which under the relevant statutes and the long line of decisions we have adverted to is a matter for the determination of the court *559 upon a motion to compel arbitration, was to be swept along with those other issues into the area of arbitrative determination. While as we indicated in Orpustan and Van Tassel we favor full and complete determination by the arbitrator of matters properly submitted to him, we cannot allow our enthusiasm for the expeditious and economical disposition of such matters to intrude upon our responsibility to determine whether the right to compel arbitration has been waived through failure to seek it in a timely manner." Freeman, supra, 14 Cal.3d at pp. 485-486, 121 Cal.Rptr. 477, 535 P.2d 341, italics added.)
Freeman noted: "[T]here is nothing in [the] arbitration clause [in Freeman] which should be construed as an agreement to arbitrate a claim not asserted within the time limit specified in Insurance Code section 11580.2, subdivision (i)." (Id, at p. 486, 121 Cal.Rptr. 477, 535 P.2d 341.) It further stated: "Clearly the Legislature has prescribed the one-year time limitation as a limitation upon the right to obtain an order of the superior court compelling arbitration." (Id. at p. 487, 121 Cal.Rptr. 477, 535 P.2d 341.) Accordingly, Freeman held the trial court properly denied the petition to compel arbitration (filed over three years after the accident) as untimely. (Id. at pp. 478-479, 491, 121 Cal.Rptr. 477, 535 P.2d 341.)

B
We conclude Van Tassel is directly apposite to this case and therefore controls our disposition of this appeal. Both Van Tassel and this case involve a dispute whether a claimant was a family member residing in the household of a policy's named insured and therefore an insured entitled to UM coverage. Both Van Tassel and this case involve policies that incorporated, or "tracked," section 11580.2, subdivision (f)'s language requiring arbitration of certain UM disputes. As quoted ante, section 11580.2, subdivision (f) provides: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration...."
In Van Tassel, the policy incorporated the statutorily required provision (pursuant to section 11580.2) for payment of UM damages for an insured's bodily injuries, "`provided that (1) determination as to whether the insured is legally entitled to recover such damages, and (if so entitled) the amount thereof, shall be made by agreement between the insured and the [insurer] or, in the event of disagreement, by arbitration ....'" (Van Tassel, supra, 12 Cal.3d at pp. 625-626, 116 Cal.Rptr. 505, 526 P.2d 969, italics added in Van Tassel.) When compared to section 11580.2, subdivision (f)'s language, as USAA concedes, the arbitration language in Van Tassel's policy is no broader than that statutorily required by section 11580.2, subdivision (f).[4] As Van Tassel noted, the arbitration language in its policy was "required by the terms of section 11580.2" and was "as mandated by the statute." (Van Tassel, supra, 12 Cal.3d at p. 626, 116 Cal.Rptr. 505, 526 P.2d 969.) Likewise, USAA concedes in this case the arbitration language in the Policy is no broader than that statutorily required by *560 section 11580.2, subdivision (f).[5] As quoted ante, that language in the Policy provides: "If [USAA] and a covered person disagree as to: [¶] 1. Whether a covered person is legally entitled to recover [bodily injury] or [property damage] damages from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle; or [¶] 2. The amount of [bodily injury] damages that the covered person is legally entitled to collect from that owner; [¶] then, that disagreement shall be arbitrated...."
Van Tassel concluded: "Under the statute [i.e., section 11580.2, subdivision (f)] and the provisions for arbitration contained in an [UM] provision such as that in the present case, we hold that jurisdictional facts, including the status of the claimant as an insured, are subject to determination by the arbitrator." (Van Tassel, supra, 12 Cal.3d at p. 627, 116 Cal.Rptr. 505, 526 P.2d 969, italics added.) Because the arbitration language in Van Tassel's policy was no broader than that required by section 11580.2, subdivision (f), Van Tassel effectively held a policy that merely tracks or incorporates the language of section 11580.2, subdivision (f) requires arbitration of "jurisdictional facts," including a dispute whether the UM claimant is an insured under the policy. Because the arbitration language in the Policy in this case is no broader than that required by section 11580.2, subdivision (f), Van Tassel requires arbitration of the instant dispute whether Bouton is an insured (or a "covered person") under the Policy's UM coverage provisions. That dispute involves one of the "jurisdictional facts" subject to mandatory arbitration under section 11580.2, subdivision (f). (Van Tassel, supra, at pp. 626-627, 116 Cal.Rptr. 505, 526 P.2d 969; Orpustan, supra, 7 Cal.3d at p. 992, 103 Cal.Rptr. 919, 500 P.2d 1119.)
USAA argues Van Tassel is inapposite because the Policy in this case expressly excluded "coverage questions" from its arbitration requirement. As fully quoted ante, the Policy provides:
"If [USAA] and a covered person disagree as to: [¶] 1. Whether a covered person is legally entitled to recover [bodily injury] or [property damage] damages from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle; or [¶] 2. The amount of [bodily injury] damages that the covered person is legally entitled to collect from that owner; [¶] then, that disagreement shall be arbitrated, provided both parties so agree. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including [,] but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by [USAA] or a covered person...." (Italics added.)
To the extent the Policy's language excluding arbitration of "coverage questions" excludes arbitration of "jurisdictional facts," as that term is used and/or interpreted in Orpustan, Van Tassel, and Freeman, it is contrary to the mandatory arbitration of "jurisdictional facts" that those California Supreme Court cases hold section 11580.2, subdivision (f) requires. As Bouton asserts, any language in the Policy that attempts to restrict the scope of arbitration of disputes required by section 11580.2, subdivision (f) is void and unenforceable as contrary to public policy. (Cf. Daun v. USAA Casualty Ins. Co., supra, 125 Cal.App.4th at p. 610, 23 Cal. Rptr.3d 44 ["The exemption USAA seeks *561 to enforce is void as against public policy because it imposes a limitation upon UM and UIM coverage required by section 11580.2. The Legislature did not require insurers to provide such coverage to their `insured,' only to allow them to take part of that coverage away through exclusions and exceptions not contained in the statute."]; Mid-Century Ins. Co. v. Gardner (1992) 9 Cal.App.4th 1205, 1220, 11 Cal. Rptr.2d 918["[A] policy which purports to provide a more restrictive coverage than that set forth in [section 11580.2] will not be given effect."].) Accordingly, despite any arguably applicable exclusionary or restrictive language in the Policy (e.g., exclusion of "coverage questions"), arbitration of the instant dispute whether Bouton is an insured (or "covered person") under the Policy is required because that dispute involves one of the "jurisdictional facts" subject to mandatory arbitration under section 11580.2, subdivision (f), and cannot be restricted or limited by policy language.[6] (Van Tassel, supra, 12 Cal.3d at pip. 626-627, 116 Cal.Rptr. 505, 526 P.2d 969; Orpustan, supra, 7 Cal.3d at p. 992, 103 Cal.Rptr. 919, 500 P.2d 1119; Dawn, at p. 610, 23 Cal.Rptr.3d 44; Mid-Century Ins. Co., at p. 1220, 11 Cal.Rptr.2d 918.) Freeman, as discussed ante, does not hold otherwise.[7] We conclude the trial court erred by denying the Petition.[8]

III

Remaining Contentions
Because we dispose of this appeal based on the ground that arbitration of the entire controversy, including the issue whether Bouton is an insured (or "covered person") under the Policy is required by section 11580.2, subdivision (f), as interpreted by Van Tassel, we need not address Bouton's remaining contentions.[9] (Van Tassel, supra, 12 Cal.3d at p. 626, 116 Cal.Rptr. 505, 526 P.2d 969; Orpustan, supra, 7 Cal.3d at p. 991, 103 Cal.Rptr. 919, 500 P.2d 1119; *562 Freeman, supra, 14 Cal.3d at pp. 485-486, 121 Cal.Rptr. 477, 535 P.2d 341.)

DISPOSITION
The order denying the petition to compel arbitration is reversed and the matter is remanded with directions the court vacate the order and issue a new order granting the petition to compel arbitration. Bouton shall recover his costs on appeal.
WE CONCUR: HALLER, Acting P.J., and McINTYRE, J.
NOTES
[1] All statutory references are to the Insurance Code unless otherwise specified.
[2] The Policy stated: "[USAA] will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of [bodily injury] sustained by a covered person and caused by an auto accident, [¶] The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or the underinsured motor vehicle...."
[3] Van Tassel noted that section 11580.2, subdivision (f) then provided: "`The policy ... shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration.'" (Van Tassel, supra, 12 Cal.3d at p. 626, fn. 1, 116 Cal.Rptr. 505, 526 P.2d 969.) That language of section 11580.2, subdivision (f) remains unchanged.
[4] In USAA's brief, it states: "The policy language in Van Tassel closely tracked Insurance Code section 11580.2[, subdivision] (f)."
[5] In USAA's brief, it states: "The trial court ... properly held that ... the arbitration agreement in the [Policy] is not broader than the statutory requirement...."
[6] Although USAA does not raise the issue, we note the Policy's arbitration provision also includes the qualifying phrase, "provided both parties so agree," after its statement that "that disagreement shall be arbitrated." (Italics added.) To the extent that qualifying phrase arguably can be construed as requiring both Bouton and USAA to agree to arbitration of a dispute subject to section 11580.2, subdivision (f)'s mandatory arbitration provisions, it is void and unenforceable as against public policy. Bouton need not obtain the postdispute agreement of USAA to arbitration of "jurisdictional facts," including whether he is an insured under the Policy, to compel arbitration of those issues.
[7] Furthermore, none of the cases cited by USAA persuade us to conclude otherwise.
[8] To the extent USAA argues on appeal that the trial court's order denying the Petition should be affirmed because Bouton's alleged injury was not "caused by an auto accident" per the Policy's requirements, USAA waived that issue by not raising it below (Lucich v. City of Oakland (1993) 19 Cal.App.4th 494, 498, 23 Cal.Rptr.2d 450; Pool v. City of Oakland (1986) 42 Cal.3d 1051, 1065-1066, 232 Cal.Rptr. 528, 728 P.2d 1163) and by not raising or substantively discussing that issue in its appellate brief (People v. Stanley (1995) 10 Cal.4th 764, 793, 42 Cal.Rptr.2d 543, 897 P.2d 481; Reyes v. Kosha (1998) 65 Cal. App.4th 451, 466, fn. 6, 76 Cal.Rptr.2d 457; Dills v. Redwoods Associates, Ltd. (1994) 28 Cal.App.4th 888, 890, fn. 1). In any event, that issue appears to be part of "the entire controversy" that must be arbitrated pursuant to section 11580.2 as discussed in Orpustan, Van Tassel, and Freeman.
[9] Bouton's challenge to the trial court's April 12, 2006 order granting USAA's motion to strike his amended complaint is effectively moot as "the entirety of the controversy" involved therein will be addressed by the arbitrator. (Orpustan, supra, 7 Cal.3d at p. 991, 103 Cal.Rptr. 919, 500 P.2d 1119; Van Tassel, supra, 12 Cal.3d at p. 626, 116 Cal.Rptr. 505, 526 P.2d 969; Freeman, supra, 14 Cal.3d at pp. 485-486, 121 Cal.Rptr. 477, 535 P.2d 341.)