[No. S149851. June 9, 2008.]

LLOYD BOUTON, Plaintiff and Appellant, v.
USAA CASUALTY INSURANCE COMPANY, Defendant and Respondent.

[No. S149847. June 9, 2008.]

CHARLES MICHAEL O'HANESIAN, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Shipley & Kirch, Law Offices of Jacques J. Kirch, Jacques J. Kirch; Law Offices of Daniel S. Rosenberg and Daniel S. Rosenberg for Plaintiff and Appellant Lloyd Bouton.

Law Office of Duncan M. James, Duncan M. James, David M. Kindopp, Donald J. McMullen and Joseph John Turri for Plaintiff and Appellant Charles Michael O'Hanesian.

Daniels, Fine, Israel, Schonbuch & Lebovits, Paul R. Fine, Erin O'Neill Hallissy and Leila M. Reed for Defendant and Respondent USAA Casualty Insurance Company.

Robie & Matthai, James R. Robie and Steven S. Fleischman for State Farm Mutual Automobile Insurance Company and Infinity Insurance Company as Amici Curiae on behalf of Defendant and Respondent USAA Casualty Insurance Company.

Hager & Dowling, John V. Hager and Holly C. Blackwell for Mercury Casualty Company as Amicus Curiae on behalf of Defendant and Respondent USAA Casualty Insurance Company.

Horvitz & Levy, Peter Abrahams, Mitchell C. Tilner; Crandall, Wade & Lowe, James L. Crandall, Edwin B. Brown and William F. Zulch for Defendants and Respondents State Farm Mutual Automobile Insurance Company et al.

Daniels, Fine, Israel, Schonbuch & Lebovits, Paul R. Fine and Erin O'Neill Hallissy for United Services Automobile Association as Amicus Curiae on behalf of Defendants and Respondents State Farm Mutual Automobile Insurance Company et al.

**OPINION**

**MORENO, J.**—Insurance Code section 11580.2 requires insurers to provide coverage for bodily injury or wrongful death caused by uninsured motorists. Subdivision (f) of this statute provides that if the insurer and the insured cannot agree whether the insured is legally entitled to recover damages from an uninsured motorist and the amount of such damages, those issues shall be determined by arbitration. (Ins. Code, § 11580.2, subd. (f).)

We granted review in these consolidated cases to decide two related issues. The insurer in *Bouton v. USAA Casualty Insurance Company* opposed a demand for arbitration on the ground that the claimant was not covered by the insurance policy. We held in *Van Tassel v. Superior Court* (1974) 12 Cal.3d 624, 627 [116 Cal.Rptr. 505, 526 P.2d 969] (*Van Tassel*) that "jurisdictional facts," such as whether a claimant is insured under an uninsured motorist provision, are subject to arbitration. But we retreated from this holding the next year, saying in *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 485 [121 Cal.Rptr. 477, 535 P.2d 341] (*Freeman*), that we "loosely and unfortunately" termed the issue in *Van Tassel* "jurisdictional." We explained in *Freeman* that Insurance Code section 11580.2, subdivision (f), "read literally, requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of the damages." (*Freeman, supra,* 14 Cal.3d at p. 480.)

We conclude that our holding in *Van Tassel* cannot be reconciled with our subsequent holding in *Freeman* and must be overruled. Determining whether a claimant is insured under an uninsured motorist provision is not a question of the underinsured tortfeasor's liability or damages owed to the insured, and is therefore not subject to arbitration under Insurance Code section 11580.2, subdivision (f).

*O'Hanesian v. State Farm Mutual Insurance Company* raises the related question whether an arbitrator or a court should decide if a default judgment obtained by the insured against the underinsured tortfeasor binds the insurer. We conclude that this issue is subject to arbitration, because Insurance Code section 11580.2, subdivision (f) requires an insured and his or her insurer to arbitrate the tortfeasor's liability and damages owed to the insured, and the binding nature of a default judgment obtained against that tortfeasor falls squarely within those questions of liability and damages statutorily subject to arbitration.

## BACKGROUND

### *Bouton v. USAA Casualty Insurance Company*

Plaintiff Lloyd Bouton was injured in an automobile accident, and settled his claim against Kevin Daniels, the driver of the other vehicle, for Daniels's automobile insurance policy limit of $15,000. Bouton formally demanded arbitration with defendant USAA Casualty Insurance Company, his sister's insurer, seeking damages exceeding the $15,000 policy limit payment he received from Daniels's insurer. USAA denied coverage, claiming that Bouton was not a resident of his sister's household, and was therefore not covered under her insurance policy.

Consistent with Insurance Code section 11580.2, subdivision (b),[1] the policy's underinsured motorist[2] provision defines a "covered person" as the named insured "or any family member." The policy defines a "family member" as "a person related to [the named insured] by blood, marriage, or adoption who is a resident of [the named insured's] household." Bouton contends that he constituted a family member of the named insured, his sister, Samela Bouton, because they were blood relatives permanently residing in the same household. The underinsured motorist provision of the policy provided that USAA would "pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an . . . underinsured motor vehicle because of [bodily injury] sustained by a covered person and caused by an auto accident." Consistent with section 11580.2, subdivision (p)(3), the policy provided that no payment would be made until "the limits of liability under any applicable motor vehicle bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements, and proof of such is submitted to [USAA]."

---

[1] All further statutory references are to the Insurance Code, unless otherwise indicated.

[2] Section 11580.2 governs both uninsured and underinsured motorist coverage. For purposes of this decision, the terms uninsured and underinsured are used interchangeably.

The underinsured motorist provision of the policy contained an arbitration agreement, which stated: "If [USAA] and a covered person disagree as to: [¶] 1. Whether a covered person is legally entitled to recover [bodily injury] or [property damage] damages from the owner or operator of an . . . underinsured motor vehicle; or [¶] 2. The amount of [bodily injury] damages that the covered person is legally entitled to collect from that owner; [¶] then, that disagreement shall be arbitrated . . . . This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by [USAA] or a covered person."

USAA opposed Bouton's demand for arbitration, arguing that Bouton was not covered under his sister's policy. The trial court denied Bouton's motion to compel arbitration, finding that because the arbitration provision of the insurance policy was no broader than section 11580.2, subdivision (f), the parties were only bound to arbitrate the issues of liability and damages, not coverage. Bouton appealed the trial court's denial of his motion to compel arbitration. The Court of Appeal held that the trial court erred in denying Bouton's motion to compel arbitration, and that the parties were required to arbitrate coverage as part of their agreement to arbitrate the liability and damages issues, consistent with this court's decision in *Van Tassel.* USAA sought review in this court.

### *O'Hanesian v. State Farm Mutual Automobile Insurance Company*

Plaintiff Charles Michael O'Hanesian was insured by defendant State Farm Mutual Automobile Insurance Company under a general insurance policy with a $100,000 limit for bodily injury, and under an umbrella policy with a $1 million limit for bodily injury. The underinsured motorist provision of the policies covered "damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." Following an accident, the policies required that the insured provide "all the details about the death, injury, treatment and other information" necessary to "determine the amount payable," and "be examined by physicians chosen and paid by" the insurer.

The policies contained an arbitration provision as required by section 11580.2, subdivision (f), which stated: "Two questions must be decided by agreement between the insured and us: [¶] 1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and [¶] 2. If so, in what amount? [¶] If there is no agreement, upon written request of the insured or us, these questions shall be decided by arbitration as

provided by section 11580.2 of the California Insurance Code. . . . [¶] We are not bound by any judgment against any person or organization obtained without our written consent." The term "uninsured motor vehicle" was defined by the policy to include underinsured motor vehicles.

Consistent with section 11580.2, subdivision (p)(3), the policies provided that "if the damages are caused by an underinsured motor vehicle, there is no coverage until: [¶] 1. The limits of liability of all bodily injury liability bonds and policies that apply have been used up by payment of judgments or settlements to other persons; or [¶] 2. Such limits of liability or remaining part of them have been offered to the insured in writing."

O'Hanesian was injured when his car was rear-ended by Curtis Gray Thurlow's car. O'Hanesian filed an action against Thurlow, who failed to appear after being properly served by publication. O'Hanesian submitted evidence at a bench trial regarding the extent of his injuries, and the court awarded him $2,751,000 in compensatory damages and $1 million in punitive damages. O'Hanesian made a demand on Thurlow's insurer, and received the policy limit of $100,000.

O'Hanesian demanded payment of $900,000 from State Farm, the maximum benefit available under his underinsured motorist coverage. O'Hanesian asserted that the default judgment entered against Thurlow conclusively established damages. State Farm refused to tender the requested payment, seeking instead to informally evaluate O'Hanesian's damages prior to tendering any money under the policy.

O'Hanesian sued State Farm for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing, arguing that the default judgment obtained against Thurlow established his damages and he was not required to submit to State Farm's evaluation of the dispute. State Farm demurred to O'Hanesian's complaint, arguing that it was not bound by the declaratory judgment against Thurlow, and that O'Hanesian's action was premature because no arbitration had occurred as required by the policies and by section 11580.2, subdivision (f). The trial court granted State Farm's demurrer without leave to amend and dismissed the action. O'Hanesian appealed.

The Court of Appeal held that O'Hanesian must arbitrate the issues of liability and damages with State Farm, and that the arbitrator is free to consider whether O'Hanesian's default judgment against Thurlow conclusively established his damages. O'Hanesian sought review in this court.

DISCUSSION

We have interpreted the scope of section 11580.2, subdivision (f) on three occasions, explaining the types of issues that should be determined by arbitration. (See *Orpustan v. State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988 [103 Cal.Rptr. 919, 500 P.2d 1119] (*Orpustan*); *Van Tassel, supra,* 12 Cal.3d 624; *Freeman, supra,* 14 Cal.3d 473.) Numerous Court of Appeal decisions similarly have examined the scope of arbitral issues under section 11580.2, subdivision (f). (See, e.g., *State Farm Mut. Auto. Ins. Co. v. Superior Court* (1994) 23 Cal.App.4th 1297 [28 Cal.Rptr.2d 711] [whether insured could arbitrate issues of liability and damages under uninsured motorist provision of insurance policy where tortfeasor's insurer became insolvent more than one year following accident]; *Furlough v. Transamerica Ins. Co.* (1988) 203 Cal.App.3d 40 [249 Cal.Rptr. 703] [whether arbitration provision mirroring § 11580.2, subd. (f) permitted arbitration of the extent of coverage and amount insurer must pay, in addition to issues of liability and damages]; *Hartford Accident & Indemnity Co. v. Jackson* (1983) 150 Cal.App.3d 111 [197 Cal.Rptr. 477] [whether issues of liability and damages arising out of a vehicle collision with a riderless horse were arbitrable].) Two common themes emerge from this line of cases: (1) arbitration of issues other than liability and damages is appropriate if the parties have contractually agreed to arbitrate more than is required by section 11580.2, subdivision (f); and, (2) only issues of liability and damages may be decided in an arbitral forum if the parties did not agree to arbitrate more than is required by section 11580.2, subdivision (f). (*Orpustan, supra,* 7 Cal.3d at p. 991; *Freeman, supra,* 14 Cal.3d at p. 485.)

In *Orpustan*, we held that whether the plaintiff had been injured by an uninsured vehicle within the meaning of section 11580.2 and the plaintiff's insurance policy should be determined by arbitration. The plaintiff in *Orpustan* was injured when he swerved to avoid hitting another vehicle, and his truck went off the highway. (*Orpustan, supra,* 7 Cal.3d at p. 990.) The plaintiff filed a claim with his insurer, arguing that he had been involved in an accident with an uninsured vehicle. (*Ibid.*) Section 11580.2 defines an uninsured vehicle to include a hit-and-run vehicle causing bodily injury arising out of physical contact between the insured's vehicle and the hit-and-run vehicle. The plaintiff's insurer concluded that the accident did not involve physical contact with the hit-and-run vehicle, and denied the plaintiff's claim. The plaintiff then sought arbitration, and the defendant filed a motion for summary judgment. (*Orpustan, supra,* 7 Cal.3d at p. 990.) The defendant prevailed on its motion for summary judgment, arguing that the absence of the statutorily necessary physical contact between the plaintiff's vehicle and the hit-and-run vehicle precluded coverage. (*Id.* at p. 991.)

The arbitration provision of the insurance policy contained the language mandated by section 11580.2, subdivision (f), and further stated that if the parties " 'do not agree as to the amount payable hereunder,' " the parties may demand arbitration. (*Orpustan, supra,* 7 Cal.3d at p. 991.) We held that the parties' agreement to arbitrate the issue of "whether the insured 'is legally entitled to recover damages from the owner or operator of an uninsured automobile' " was sufficiently broad to encompass arbitration of whether the hit-and-run vehicle was an uninsured vehicle within the meaning of the statute and the plaintiff's policy. (*Id.* at pp. 991–992.) We reasoned that requiring a court to decide "jurisdictional facts" when the parties had agreed to arbitrate the questions in dispute would transform a procedure intended to result in prompt resolution " 'into one carrying all the burdens and delays of civil litigation, overlaid by jurisdictional uncertainty between successive tribunals.' " (*Id.* at p. 992, quoting *Felner v. Meritplan Ins. Co.* (1970) 6 Cal.App.3d 540, 546 [86 Cal.Rptr. 178].)

Relying on this rationale, we held in *Van Tassel* that "[u]nder the statute and the provisions for arbitration contained in an uninsured motorist provision such as that in the present case, . . . jurisdictional facts, including the status of the claimant as an insured, are subject to determination by the arbitrator." (*Van Tassel, supra,* 12 Cal.3d at p. 627.) In *Van Tassel,* the plaintiff's daughter was killed in an accident involving an uninsured vehicle. Consistent with section 11580.2, subdivision (b), the plaintiff's husband's insurance policy provided that an "insured" under the policy included the spouse and relatives of the named insured while residing in the same household as the named insured. (*Van Tassel, supra,* 12 Cal.3d at p. 625.) The arbitration provision of the insurance policy provided that " 'whether the insured is legally entitled to recover . . . damages, and (if so entitled) the amount thereof, shall be made . . . in the event of disagreement, by arbitration . . . .' " (*Id.* at p. 626, italics omitted.) There was a factual dispute about whether the plaintiff's deceased daughter had been a resident of the plaintiff's household and was therefore covered under the insurance policy. (*Ibid.*) We held that whether a claimant constituted a covered person under the uninsured motorist policy was a "jurisdictional fact" to be resolved by arbitration. (*Id.* at p. 627.)

Less than one year later, we were again called upon to consider the appropriate forum for the resolution of "jurisdictional facts." (*Freeman, supra,* 14 Cal.3d 473.) In *Freeman,* the insured plaintiff was involved in a three-car accident. (*Id.* at p. 478.) The plaintiff was hit by a vehicle, and the driver of that vehicle testified that he had been hit by a convertible, which had forced him to collide with the plaintiff's vehicle. Within one year of the accident, the plaintiff filed a civil action against the driver of the vehicle that

had collided with his car, and against several "Doe" defendants. After a jury trial, a judgment was issued in favor of the defendant who had hit the plaintiff's vehicle. (*Ibid.*) Nearly three years after filing his civil action, the plaintiff demanded arbitration under the uninsured motorist provision of his insurance policy, and filed a motion to compel arbitration. (*Id.* at p. 479.) The plaintiff's insurance policy contained an arbitration provision as required by section 11580.2, subdivision (f). (*Freeman, supra,* 14 Cal.3d at p. 478.)

Section 11580.2, subdivision (i) then required that, within one year following an injury, an insured had to agree with his or her insurer as to the amount due under the policy, formally demand arbitration, or commence litigation against an uninsured motorist. Code of Civil Procedure section 1281.2 governs a trial court's discretion to order arbitration, and provides that if a valid written arbitration agreement exists and one party refuses to arbitrate, the court must order the parties to arbitrate the dispute unless the petitioner forfeited the right to compel arbitration. The issue in *Freeman* was whether the trial court was entitled to consider the forfeiture/statute of limitations issue, or whether an arbitrator should decide whether the plaintiff's motion to compel arbitration was time-barred and his right to arbitration therefore forfeited. (*Freeman, supra,* 14 Cal.3d at p. 479.)

We held that "[t]he issue of whether the right to compel arbitration has been waived by failure to comply with the [former] one-year [statute of] limitation is clearly one for the determination of the court pursuant to the provisions of section 1281.2 of the Code of Civil Procedure." (*Freeman, supra,* 14 Cal.3d at p. 485.) Preliminarily, we noted that Code of Civil Procedure section 1281.2 requires a court to examine an arbitration agreement to determine whether there is a duty to arbitrate the controversy. (*Freeman, supra,* 14 Cal.3d at p. 480.) We concluded that section 11580.2, subdivision (f) requires the parties to arbitrate the narrow issues of whether the insured is entitled to recover damages from the uninsured or underinsured motorist, and if so, the amount of those damages. (*Freeman, supra,* 14 Cal.3d at p. 480.) We acknowledged the strong public policy favoring arbitration, but stated that "there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate and which no statute has made arbitrable." (*Id.* at p. 481.)

We distinguished our earlier holding in *Orpustan,* concluding that the holding permitting arbitration in that case was "based upon the language of the insurance policy" and was consistent with prior Court of Appeal decisions regarding the physical contact rule. (*Freeman, supra,* 14 Cal.3d at p. 482.) However, we noted that *Orpustan* contained broad language regarding "jurisdictional facts," which we subsequently relied upon in *Van Tassel* to conclude

that the issue of whether an insured was covered by an uninsured motorist policy was arbitrable. (*Freeman, supra,* 14 Cal.3d at p. 482.) "Unfortunately, our holding [in *Orpustan*] was stated in language whose breadth was an invitation to misinterpretation . . . . We here must correct that misinterpretation." (*Freeman, supra,* 14 Cal.3d at p. 485.)

*Freeman* clarified the concept of "jurisdictional facts," reasoning that the statute of limitations issue, "as opposed to others which we loosely and unfortunately termed 'jurisdictional' in *Orpustan* and in our later *Van Tassel* decision, is logically and legally prior to any consideration by the arbitrator of those other issues which, in the circumstances of the particular case, are a part of 'the entirety of the controversy' and whose determination may have the effect of precluding him from reaching the merits of the dispute. It was in this latter sense that we used the term 'jurisdictional' in describing those other issues—i.e., in the sense that the arbitrator's consideration of the merits of the controversy must await his determination of them. In using this terminology, however, we in no way intended to indicate that the prior issue of waiver of the right to compel arbitration, which under the relevant statutes and the long line of decisions we have adverted to is a matter for the determination of the court upon a motion to compel arbitration, was to be swept along with those other issues into the area of arbitrative determination. While as we indicated in *Orpustan* and *Van Tassel* we favor full and complete determination by the arbitrator of matters properly submitted to him, we cannot allow our enthusiasm for the expeditious and economical disposition of such matters to intrude upon our responsibility to determine whether the right to compel arbitration has been waived through failure to seek it in a timely manner." (*Freeman, supra,* 14 Cal.3d at pp. 485–486.)

■ Our holding in *Freeman* cannot be harmonized with our earlier holding in *Van Tassel.* In *Van Tassel,* we relied on the broad language in *Orpustan* to conclude that whether an individual was covered under her stepfather's insurance policy constituted a "jurisdictional fact" to be arbitrated despite the parties' agreement to arbitrate only whether an uninsured motorist was liable to the insured, and the extent of the damages, if any. (*Van Tassel, supra,* 12 Cal.3d at pp. 625, 627.) We indicated in *Freeman* that our holding in *Orpustan* "was an invitation to misinterpretation," but we did not expressly overrule *Van Tassel*'s overly broad interpretation of the *Orpustan* decision. (*Freeman, supra,* 14 Cal.3d at p. 485.) We do so now. To the extent that *Van Tassel v. Superior Court, supra,* 12 Cal.3d 624, 627 improperly permitted an arbitrator to determine issues other than liability and damages—the issues mandated by section 11580.2, subdivision (f) to be arbitrable, and the only issues the parties agreed to arbitrate—it is overruled. (See *Freeman, supra,* 14 Cal.3d at p. 485.)

■ We recognize that the Court of Appeal in *Bouton* was bound by *Van Tassel*; its holding therefore necessarily applied the broad language of *Orpustan* to the parties' narrow arbitration agreement, requiring an arbitrator to determine whether Bouton was covered under his sister's insurance policy. We, of course, are not similarly bound, and hold, consistent with our decision in *Freeman*, that section 11580.2, subdivision (f), "read literally, requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of the damages." (*Freeman, supra,* 14 Cal.3d at p. 480.)

■ Applying this rule to the *Bouton* controversy, we hold that a court, not an arbitrator, must determine whether Bouton is insured under his sister's policy. Whether Bouton is a covered person under the insurance policy is not a question regarding the underinsured tortfeasor's liability to the insured, or the amount of damages. Questions of coverage—that is, whether the claimant is insured and therefore entitled to take advantage of the protection provided by the policy at issue—must be resolved before an arbitrator reaches the two arbitrable questions pursuant to section 11580.2, subdivision (f). Here, the policy acknowledges as much, providing that "arbitration . . . shall not address any other issues, including but not limited to, coverage questions." Coverage questions fall outside of the two issues necessarily arbitrable under section 11580.2, subdivision (f), and must therefore be decided by a court, not an arbitrator, if the parties have not agreed to arbitrate more than the statute requires.

Applying this rule to the *O'Hanesian* controversy, we hold that it is for an arbitrator, and not a court, to decide whether the default judgment O'Hanesian obtained against the underinsured tortfeasor binds State Farm. As previously explained, O'Hanesian submitted evidence regarding the extent of his injuries arising out of his accident with an underinsured motorist at a bench trial, and the court awarded him $2,751,000 in compensatory damages and $1 million in punitive damages. The judgment pertains directly to the underinsured tortfeasor's liability to the insured, and the amount of damages owed to the insured. The parties agreed to arbitrate, consistent with section 11580.2, subdivision (f), whether "the insured [is] legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and . . . [i]f so, in what amount."

The parties do not and cannot dispute that the policy and section 11580.2, subdivision (f) provide that arbitration is the appropriate forum in which to address whether the underinsured tortfeasor is liable to O'Hanesian for the injuries he sustained in the automobile accident between the two, and, if so,

the amount of damages. The parties dispute that arbitration is the appropriate forum in which to address whether State Farm is bound by the default judgment obtained against the underinsured tortfeasor. However, that question—whether State Farm is bound—is subsumed within the arbitrable issues of liability and damages. The entire controversy—whether O'Hanesian is entitled to damages arising out of his accident with the underinsured tortfeasor, and the amount thereof—is arbitrable. Whether the default judgment binds State Farm is a part of the controversy between the parties regarding liability and damages, and must be resolved by the arbitrator in the course of addressing the two statutorily mandated arbitrable issues.

An unusual feature of the *O'Hanesian* controversy is that both State Farm and O'Hanesian disagree with the Court of Appeal's holding that arbitration is appropriate to determine whether State Farm is bound by the default judgment obtained against the underinsured tortfeasor. O'Hanesian argues that a court should interpret an insurance contract and section 11580.2, that he did not agree to have this issue arbitrated, that having a court decide this significant issue of statewide importance would promote uniformity of decisions, and that it would be impractical to require him to engage in costly discovery only to have an arbitrator conclude that State Farm is bound by the default judgment obtained against the tortfeasor. Along similar lines, State Farm also argues that a court should determine whether State Farm is bound by the default judgment because the parties did not agree to arbitrate this issue, that a court decision will promote uniformity and consistency of decisions, and that the default judgment against the tortfeasor does not bind State Farm as a matter of law. O'Hanesian essentially argues that a court will conclude that State Farm is bound by the default judgment, obviating the need for arbitration, while State Farm argues that a court will conclude State Farm cannot be bound by the default judgment, necessitating arbitration to assess whether O'Hanesian is entitled to damages, and, if so, in what amount.

It is certainly true, as O'Hanesian and State Farm argue, that parties cannot be compelled to arbitrate a dispute if they have not agreed to do so, and no statute compels them to arbitrate. (*Freeman, supra,* 14 Cal.3d at p. 481.) Indeed, a trial court has no power to order parties to arbitrate a dispute that they did not agree to arbitrate. (Code Civ. Proc., § 1281.2.) However, State Farm and O'Hanesian did agree—as section 11580.2, subdivision (f) requires—to arbitrate "whether the insured is entitled to recover against the uninsured motorist and . . . if so, the amount of the damages." (*Freeman, supra,* 14 Cal.3d at p. 480.) As discussed above, the effect of the default judgment is an issue the arbitrator necessarily will address in the course of

resolving the arbitrable controversy concerning the tortfeasor's liability to the insured, and the amount of damages. Accordingly, the parties' argument that they did not agree to arbitrate whether State Farm is bound by the default judgment O'Hanesian obtained against the tortfeasor is unavailing.

State Farm and O'Hanesian both also argue that permitting an arbitrator to determine whether the default judgment obtained against the underinsured motorist binds State Farm does not promote uniformity of decisions because arbitrators are free to " 'base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10–11 [10 Cal.Rptr.2d 183, 832 P.2d 899].) This concern, however, must be balanced against the statutory requirement to arbitrate disputes between insureds and insurers concerning the damages an insured is entitled to recover based on an injury suffered as a result of an accident with an uninsured or underinsured motorist. (See § 11580.2, subd. (f); *Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1053 [48 Cal.Rptr.2d 1, 906 P.2d 1057] ["The provisions of [section 11580.2] are deemed part of every uninsured and underinsured motorist policy."].)

■ Concerns about uniformity must also be balanced against the strong public policy favoring arbitration of disputes when the parties so agree. The "Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.] . . . Indeed, more than 70 years ago this court explained: 'The policy of the law in recognizing arbitration agreements and in providing by statute for their enforcement is to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing.' [Citation.] 'Typically, those who enter into arbitration agreements expect that their dispute will be resolved without necessity for any contact with the courts.' [Citation.]" (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 9.)

Finally, O'Hanesian argues that the default judgment obtained against the underinsured tortfeasor binds State Farm at least with respect to O'Hanesian's umbrella policy, if not his general liability policy. O'Hanesian's argument is unavailing. The umbrella policy stated that "[t]his coverage will apply in accordance with the terms and conditions of [O'Hanesian's] underlying Uninsured Motorist Coverage." The uninsured motorist policy included an arbitration section pursuant to 11580.2, subdivision (f). Thus, under both policies, O'Hanesian and State Farm must arbitrate all disputes concerning liability and damages arising out of an accident between O'Hanesian and an underinsured motorist.

DISPOSITION

We reverse the judgment of the Court of Appeal in *Bouton v. USAA Casualty Insurance Company,* and remand for further proceedings consistent with this decision. We affirm the judgment of the Court of Appeal in *O'Hanesian v. State Farm Mutual Insurance Company.*

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Corrigan, J., concurred.

The petition of respondents State Farm Mutual Automobile Insurance Company et al. for a rehearing was denied August 20, 2008.