Filed 10/16/13 Thompson v. Torres CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FERNANDER THOMPSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MARIO TORRES et al.,<br><br>    Defendants and Respondents. | A137482<br><br>(Alameda County<br>Super. Ct. No. RG09456222) |

Plaintiff Fernander Thompson, appearing in propria persona, appeals from the denial of his petition to compel arbitration of his uninsured motorist claim against his automobile insurance carrier, respondent State Farm Insurance Company (State Farm). We find no abuse of discretion in the trial court's decision and thus shall affirm the order.

**Background**

Plaintiff was injured in 2008 while a passenger on an Alameda-Contra Costa County Transit District (AC Transit) bus being operated by defendant Mario Torres. On April 19, 2011, following a jury trial, judgment was entered awarding plaintiff $10,566 in damages ($5,566 in medical expenses and $5,000 in general damages) on his personal injury action against AC Transit and Torres. The judgment apportioned responsibility for the accident and, thus, liability for the general damages, according to the jury's verdict in equal thirds between AC Transit, Torres and the unknown driver of a car involved in the

1

collision. AC Transit paid plaintiff $8,335 in satisfaction of the share of the judgment for which AC Transit and Torres were responsible.[1]

In January 2009, plaintiff submitted an uninsured motorist claim under his State Farm insurance policy. In February 2012, State Farm paid plaintiff $11,029 on the claim. The letter accompanying the payment stated, "Our efforts to resolve this claim through negotiation were not successful and appear to have reached an impasse. Under these circumstances, we are advancing the amount of our initial offer . . . . [¶] This payment is made in advance without prejudicing your right to receive a higher amount in the future through continuing negotiation or alternative means of resolution."

On June 14, 2012, plaintiff sought leave from the court to amend his complaint in the personal injury action to assert an uninsured motorist claim against respondents State Farm and its employee, Marcie Marquez, and to compel arbitration of the new claim.[2] The court denied the motions as untimely and without merit.

Plaintiff filed a timely notice of appeal from the denial of his petition to compel arbitration.

## Discussion

Plaintiff apparently believes State Farm should have paid him the full $50,000 limit on his policy. His petition to compel was filed to force State Farm into arbitration to recover the additional amount he claims over and above the amount he has already received. His appellate briefing, however, is completely unintelligible and it is impossible to decipher on what grounds he asserts the trial court's order should be reversed.

---

[1] AC Transit and Torres are not parties to this appeal.

[2] Plaintiff has not asserted any individual claims against Marquez and names her in the petition as the "agent or representative" of State Farm.

Respondents argue that the trial court did not err in denying plaintiff's petition to compel.[3] We agree.

Section 1281.2 provides in relevant part, "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or [¶] . . . [¶] (c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."  We review the trial court decision under section 1281.2 for an abuse of discretion.  (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349.)

In *Mercury Ins. Group v. Superior Court*, *supra*, 19 Cal.4th 332 the court held that the trial court acted within its discretion under section 1281.2 when it denied a petition to compel arbitration of an uninsured motorist claim on the ground that the arbitration proceeding on the uninsured motorist claim and the pending personal injury action arose "out of the same transaction" and that compelling arbitration would give rise to "a possibility of conflicting rulings on a common issue of law or fact."  (*Id*. at p. 350.)  The court explained that "in the contractual arbitration proceeding, the arbitrator might conclude that the [plaintiffs] were not legally entitled to damages in any amount from the unidentified, and effectively uninsured, motorist, and therefore could not obtain anything from Mercury.  In the pending action, however, the superior court might conclude that the [plaintiffs] were indeed legally entitled to damages in some amount from the

---

[3] Respondents also seek to dismiss the appeal on the ground that plaintiff is not an aggrieved party and thus lacks standing to appeal.  While plaintiff may have prevailed in the underlying litigation, he has not appealed from that judgment.  He appeals the denial of his petition to compel arbitration and with respect to that order he is aggrieved within the meaning of Code of Civil Procedure section 1294, subdivision (a).

3

unidentified, and effectively uninsured, motorist, and therefore could obtain such sum from Mercury." (*Ibid.*)

In this case, a final judgment has already been entered resolving the two questions at issue in the potential uninsured motorist arbitration proceeding: whether the insured is entitled to recover against the underinsured/unidentified motorist and, if so, the amount of the damages. (Ins. Code, § 11580.2, subd. (f); *Bouton v. USAA Cas. Ins. Co.* (2008) 43 Cal.4th 1190, 1201 [Liability and damages are the only issues arbitrable under statutory arbitration requirement for uninsured motorist insurance coverage.].) The jury found that the uninsured motorist was 33.33 percent at fault in the accident and that plaintiff suffered $10,566 in damages. Arbitration proceedings at this point would either result in duplicative findings, and thus be pointless, or would result in conflicting rulings. Plaintiff chose to pursue these factual questions in litigation against AC Transit and Torres without involving State Farm. As such, he waived his right to compel arbitration of the identical factual issues at this late date. Accordingly, the court did not abuse its discretion in denying plaintiff's petition to compel arbitration.

### Disposition

The order denying plaintiff's petition to compel arbitration is affirmed. Respondents shall recover their costs on appeal.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.

4