Filed 4/30/21; certified for publication 5/19/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

BRETT McISAAC,

     Plaintiff and Respondent,

v.

FOREMOST INSURANCE
COMPANY GRAND RAPIDS,
MICHIGAN,

     Defendant and Appellant.

A160389

(Sonoma County
Super. Ct. No. SCV-265433)

Shortly after plaintiff filed a lawsuit against his insurance company for breach of contract and bad faith, defendant insurance company filed a petition to compel arbitration of his underinsured motorist claim and stay the bad faith litigation. The trial court denied the petition to compel arbitration because the court concluded plaintiff's bad faith action was not a dispute over coverage or the amount of the underinsured motorist claim.

Under Insurance Code section 11580.2, subdivision (f), disputes between insureds and insurers over entitlement to recover damages caused by an uninsured or underinsured motorist, or the amount of damages, must be resolved by agreement or arbitration. Because defendant made a showing that the parties dispute the amount of damages due to plaintiff on his

underinsured motorist claim and defendant is entitled to arbitrate that issue, we reverse.

## I. BACKGROUND

In June 2018, plaintiff Brett McIsaac entered into a contract with defendant Foremost Insurance Company Grand Rapids, Michigan to provide vehicle insurance for his motorcycle.  The policy had a clause in the uninsured motorists coverage endorsement which read:  "**Arbitration** [¶] A. If we and an 'insured' do not agree: [¶] 1. Whether that person is legally entitled to recover damages under this coverage; or [¶] 2. As to the amount of damages; [¶] then the matter will be settled by arbitration."

On September 28, 2018, plaintiff was involved in an accident with another driver who was underinsured.  The other driver's insurance policy provided $15,000 of coverage.  Plaintiff's policy provided uninsured/underinsured[1] motorist coverage of up to $100,000 per person per accident, meaning there was another $85,000 in uninsured motorist benefits potentially available to plaintiff under his policy with defendant.

In October 2018, plaintiff's counsel contacted defendant to initiate an uninsured motorist claim.  Defendant opened an investigation to determine damages for the claim, and in March 2019, sent plaintiff's counsel a settlement offer.  On April 15, 2019, plaintiff served defendant with an arbitration demand.  Counsel for defendant responded to plaintiff's demand with a letter suggesting the parties engage in "basic discovery, such as

---

[1] Insurance Code section 11580.2 governs both uninsured motorist (UM) and underinsured motorist (UIM) coverage, and defendant's policy defines " 'Uninsured motor vehicle' " to include "underinsured" motor vehicles.  For purposes of this opinion, the terms are used interchangeably. (See *Bouton v. USAA Casualty Ins. Co.* (2008) 43 Cal.4th 1190, 1194, fn. 2 (*Bouton*).)

interrogatories and possible depositions, prior to going to the time and expense of selecting an arbitrator" to determine if the case could be settled. Defendant sent plaintiff interrogatories, a request for production of documents, and a deposition notice.

Just over a month after defendant served the interrogatories, plaintiff's counsel communicated he had not received the discovery. Defendant sent it again, and plaintiff's counsel confirmed receipt. On August 1, plaintiff's counsel informed defendant that plaintiff would not appear for his deposition because of a scheduling conflict and because he had not yet responded to the written discovery. On August 26, defense counsel sent a letter to plaintiff's counsel inquiring about the status of the discovery responses. On September 30, defendant sent another letter following up on the discovery.

In October 2019, plaintiff filed suit against defendant, alleging four claims for (1) breach of contract, (2) unjust enrichment, (3) breach of the covenant of good faith and fair dealing, and (4) bad faith. Among other things, plaintiff alleged that "[d]efendant refused to make adequate payment to or properly or fairly compensate Plaintiff under the terms of the contract and specifically the underinsured/uninsured portion of Plaintiff's insurance policy." Plaintiff also alleged that "[d]efendant's refusal to pay the limits of the policy was an unlawful attempt to force Plaintiff to accept money less than the amount due under the policy." Plaintiff alleged that defendant's actions "constituted a breach of contract" that "damaged [plaintiff] in a sum in excess of $25,000.00" and that defendant "[r]etaining amounts it was required to pay pursuant to the contractual agreement has unjustly enriched Defendant." Plaintiff also alleged that defendant breached the covenant of good faith and fair dealing and engaged in bad faith when it failed to acknowledge and act reasonably promptly on communications with respect to

plaintiff's claims, failed to promptly investigate and process plaintiff's claims, failed to affirm or deny coverage within a reasonable time, and failed to effectuate a prompt, fair, and equitable settlement of plaintiff's claims.

The following month, defendant filed a petition to compel arbitration and stay action. Defendant's petition was supported by a declaration authenticating the insurance policy and plaintiff's arbitration demand and setting forth facts about the accident and the parties' efforts to resolve plaintiff's claims. Plaintiff opposed the petition, arguing that he should not be forced to arbitrate his breach of contract and bad faith claims. Plaintiff argued his "dispute is not *solely* about an amount of damages, but whether or not Defendant breached the contract and acted in bad faith." (Italics added.) In reply, defendant argued arbitration was a "condition precedent" to plaintiff's lawsuit, that plaintiff had a contractual obligation to arbitrate the dispute regarding the amount of his damages caused by the underinsured motorist, and urged the court to stay the litigation during the arbitration proceedings.

The trial court denied the petition. Citing *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480 (*Freeman*) and *Bouton*, *supra*, 43 Cal.4th at page 1193, the court observed that arbitration "applies only to disputes over whether the insured is entitled to recover and, if so, the amount of recovery." The trial court also relied on *Corral v. State Farm Mutual Auto. Ins. Co.* (1979) 92 Cal.App.3d 1004, 1011 (*Corral*), explaining that the arbitration provision of Insurance Code section 11580.2 does not apply to claims of bad faith by the insurer. The court found that plaintiff "correctly argues that the arbitration provision does not apply here because this is not a dispute over coverage or the amount, but instead a cause of action for insurance bad faith. Insurance Code section 11580.2 does not apply to such

4

claims.  Defendant ignores the nature of this lawsuit."  Defendant timely appealed.

## II.  DISCUSSION

Defendant contends the trial court erred because it was entitled to arbitrate the amount of plaintiff's underinsured motorist claim under Insurance Code section 11580.2, subdivision (f) and the terms of his policy. We agree.

"When the parties to an arbitrable controversy have agreed in writing to arbitrate it and one has refused, the court, under [Code of Civil Procedure] section 1281.2, must ordinarily grant a petition to compel arbitration." (*Wagner Construction Co. v. Pacific Mechanical Corp.* (2007) 41 Cal.4th 19, 26, fn. omitted.)  Section 1281.2 provides, in relevant part, that "[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court *shall* order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists," unless one of three enumerated exceptions applies.  (Code Civ. Proc., § 1281.2, italics added.) Once the existence of a valid arbitration clause has been established, "[t]he burden is on 'the party opposing arbitration to demonstrate that [the] arbitration clause *cannot* be interpreted to require arbitration of the dispute.' "  (*Buckhorn v. St. Jude Heritage Medical Group* (2004) 121 Cal.App.4th 1401, 1406.)

"Where, as here, the evidence is not in conflict, we review the trial court's denial of arbitration de novo."  (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.)

Insurers are required by law to provide coverage for bodily injury or wrongful death caused by uninsured and underinsured motorists. (Ins. Code, § 11580.2; *Bouton, supra,* 43 Cal.4th at p. 1193; *Brehm v. 21st Century Ins. Co.* (2008) 166 Cal.App.4th 1225, 1243 (*Brehm*).) Insurance Code section 11580.2, subdivision (f), which has been incorporated into every automobile insurance policy by law, "provides that if the insurer and insured cannot agree whether the insured is legally entitled to recover damages from an uninsured motorist and the amount of such damages, those issues shall be determined by arbitration." (*Bouton*, at p. 1193, citing Ins. Code, § 11580.2, subd. (f); *Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1053.)

In accordance with Insurance Code section 11580.2, defendant's policy provides that if the insurer and insured fail to agree "1. Whether that person is legally entitled to recover damages under the coverage; or [¶] 2. As to the amount of damages; [¶] then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party."

As discussed, if an agreement to arbitrate a controversy exists, the trial court must order arbitration unless an exception applies.[2] (Code Civ. Proc., § 1281.2.) Here, defendant filed a petition to compel arbitration supported by a declaration, showing that the parties had a written agreement to arbitrate the amount of UIM damages and were unable to reach an agreement.

---

[2] Under Code of Civil Procedure section 1281.2, a party to an arbitration agreement may avoid arbitration if (1) arbitration has been waived by the petitioner, (2) grounds exist for rescission, or (3) if a party to the arbitration agreement is also a party to a proceeding with a third party and there is a possibility of conflicting rulings on a common issue of law or fact. (Code Civ. Proc., § 1281.2, subds. (a)–(c).) Plaintiff makes no argument, and points to no evidence, that one of the three statutory exceptions applies.

Accordingly, defendant was entitled to an order granting the petition to compel arbitration of that limited issue.

Plaintiff argues the trial court properly determined that Insurance Code section 11580.2 does not apply to claims of bad faith by the insurer and that accordingly, his lawsuit can proceed. Both plaintiff and the trial court are correct that an insurer's contractual right to arbitrate the value of a UIM claim does not prevent an insured from filing suit for bad faith. (See, e.g., *Corral*, *supra*, 92 Cal.App.3d at p. 1011 [plaintiff's bad faith cause of action was not based on facts surrounding automobile accident nor policy provisions at issue in arbitration proceeding]; *Brehm*, *supra*, 166 Cal.App.4th at pp. 1242–1243 [defendant had "absolute" right to demand arbitration of value of UIM claim, but contractual right to resolve dispute by arbitration was not inconsistent with its implied obligation to attempt to reach agreement in good faith prior to arbitration].) But defendant here does not seek to arbitrate plaintiff's bad faith claim. Defendant sought only arbitration of the amount of UIM damages, and asked the trial court to stay the litigation until the arbitration concluded. Defendant argued both below and in this court that plaintiff is free to litigate his bad faith claim after the arbitration takes place.

Defendant's argument is well taken. The fact that litigation involves some nonarbitrable issues is not a basis to deny a petition to compel arbitration unless those issues involve a third party who is not contractually obligated to arbitrate. (*Laswell v. AG Seal Beach, LLC* (2010) 189 Cal.App.4th 1399, 1409; Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2020) ¶ 5:326.1.)

None of the cases relied on by plaintiff or the trial court support the denial of defendant's petition to compel arbitration under the circumstances of this case. *Corral*, for example, did not involve a petition to compel

7

arbitration, but addressed whether the plaintiff's bad faith action was barred by a prior arbitration award under principles of res judicata. (*Corral*, *supra*, 92 Cal.App.3d at pp. 1009–1010.) In *Corral*, unlike here, arbitration of the plaintiff's uninsured motorist claim had already concluded. (*Id.* at p. 1007.)

Nor is *State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 123 Cal.App.4th 1424, helpful to plaintiff. There, the court rejected an *insured's* demand for arbitration because the insurer had already paid the policy limits under its policy with insured, and accordingly, there was no controversy to arbitrate. (*Id.* at p. 1431.) While the appellate court also held that the *insured* was not entitled to arbitration in order to evaluate a possible bad faith suit (*id.* at pp. 1434–1435), that holding has no bearing on defendant's right to arbitrate the amount of UIM damages where, as here, the parties dispute the amount of damages caused by the underinsured motorist.

Finally, the trial court cited *Freeman*, *supra*, 14 Cal.3d at page 480 and *Bouton*, *supra*, 43 Cal.4th at page 1193, for the principle that " 'Insurance Code section 11580.2, subdivision (f) "read literally, requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of the damages." ' " The quoted language plainly *supports* defendant's right to compel arbitration of the amount of UIM damages.[3] (See *Bouton*, at p. 1203 [insured and insurer must

---

[3] Moreover, as defendant notes, the holdings of *Freeman* and *Bouton* are not controlling here. In *Freeman,* the Supreme Court concluded that a court, not an arbitrator, determines whether arbitration has been waived by a failure to make a timely demand under the statute of limitations. (*Freeman*, *supra*, 14 Cal.3d at pp. 485–486.) *Bouton* held that a court, not an arbitrator, must decide whether the claimant was an insured under his sister's insurance policy. (*Bouton*, *supra*, 43 Cal.4th at p. 1201.) In the instant case, there is no dispute that plaintiff is an insured.

arbitrate all disputes concerning liability and damages arising out of an accident between insured and underinsured motorist].)

Plaintiff contends that arbitration is inappropriate because his lawsuit was filed against defendant "for its tortious and bad faith conduct against him personally, not to resolve a UIM claim." But neither plaintiff nor the trial court acknowledged that plaintiff's complaint alleges defendant breached the contract by failing to pay damages due under the policy, and alleges defendant was unjustly enriched because it retained the amounts it was required to pay under the policy.[4] Thus, the issue of UIM damages to which plaintiff is entitled is relevant to at least some of plaintiff's claims.[5]

As noted above, defendant filed a motion to stay further proceedings in the action pending arbitration. The trial court did not expressly address the stay issue, likely because it denied defendant's petition to compel arbitration and thus considered the motion to stay moot. We express no opinion as to the proper disposition of the motion to stay, and instead instruct the trial court, upon remand, to issue a new order addressing it.

### III. DISPOSITION

The order denying defendant's petition to compel arbitration is reversed. The case is remanded to the trial court with directions to grant defendant's petition to compel arbitration of the UIM damages, and to rule on

---

[4] Indeed, plaintiff's opposition brief in the trial court implicitly acknowledged that UIM damages were at issue, stating that the parties' "dispute is not *solely* about an amount of damages, but whether or not Defendant breached the contract and acted in bad faith." (Italics added.)

[5] In any event, even if no party had filed a lawsuit with respect to UIM damages, defendant could file a petition to compel arbitration of that issue. (Code Civ. Proc., §§ 1281.2, 1290; Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2020) ¶ 6:2400.)

9

defendant's request for a stay of the litigation pending arbitration.
Defendant is awarded costs on appeal.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A160389
*McIsaac v. Foremost Insurance Company Grand Rapids, Michigan*

11

Filed 5/19/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BRETT McISAAC,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FOREMOST INSURANCE<br>COMPANY GRAND RAPIDS,<br>MICHIGAN,<br><br>     Defendant and Appellant. | A160389<br><br>(Sonoma County<br>Super. Ct. No. SCV-265433)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

       The opinion in the above-entitled matter filed on April 30, 2021, was not certified for publication in the Official Reports.  After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

       There is no change in the judgment.

Dated:

                                 _____

                                 Margulies, Acting P.J.

Trial Court:         Sonoma County

Trial Judge:         Patrick M. Broderick, Judge

Counsel:

Hansen, Kohls, Sommer & Jacob, Daniel V. Kohls and Chantalle R. Baum for Defendant and Appellant.

Richard Harris Law Firm and Buke Huber for Plaintiff and Respondent.